**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINE J. FORGUES, | : | |
| | : | CASE NO. 1:16-cv-2576 |
| Plaintiff, | : | |
| | : | JUDGE CHRISTOPHER BOYKO |
| v. | : | |
| | : | MAGISTRATE GREENBERG |
| CARPENTER LIPPS & LELAND LLP, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**RESPONSE TO PLAINTIFF CHRISTINE FORGUES' OBJECTIONS TO**
**MAGISTRATE JUDGE'S JUNE 26, 2017 REPORT AND RECOMMENDATION**

The Magistrate carefully reviewed the First Amended Complaint and correctly determined it fails to state a claim against any of the three Defendants.  The objections filed by Christine J. Forgues ("Forgues") simply repeat the same arguments made in response to the motion to dismiss, are unsupported, and do not provide a basis for departing from the Magistrate's recommendation that the First Amended Complaint be dismissed.  The Court should adopt the Magistrate's report and recommendation in its entirety, grant the motion to dismiss, and dismiss the case with prejudice.

**DEUTSCHE BANK IS NOT A DEBT COLLECTOR.**

One of Forgues' main objections is that the Magistrate failed to take her allegation that Deutsche Bank National Trust Company, as Trustee for JP Morgan Mortgage Acquisition Trust

2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 ("Deutsche Bank"), is a debt collector as true.  Forgues bases this solely on her allegation that Deutsche Bank obtained her debt after it was in default.  *See* Objections, § II(A).  Although the Magistrate's initial recommendation was correct, the U.S. Supreme Court has now held that an entity collecting debt on its own behalf is not a debt collector under the Fair Debt Collection Practices Act ("FDCPA"), even if the debt is obtained after default.  *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724 (2017).  The basis for the decision is that an entity who purchases a debt and seeks to collect the debt on its own behalf is not collecting a debt due or owed to another and thus does not meet the definition of a debt collector.  *Id.*  Several federal district courts interpreting *Henson* have held that a holder of a note and assignee of a mortgage is not a "debt collector" under the FDCPA even if it obtained note and mortgage after default.  *See Niborg v. CitiMortgage, Inc.*, No. C17-5155 BHS, 2017 WL 3017633, at *2 (W.D. Wash. July 17, 2017); *Bank of N.Y. Mellon Trust Co. N.A. v. Henderson*, No. 15-5186, 2017 WL 2883744, at *2 (D.C. Cir. July 7, 2017).  Thus, the mere allegation that Deutsche Bank became the holder of the note and mortgage after default, even if true, does not make Deutsche Bank a debt collector under the FDCPA because Deutsche Bank is in fact the entity to which Forgues owes the debt.  Thus, Deutsche Bank does not qualify as a debt collector under the FDCPA and all of Forgues' claims fail to state a claim for relief because Deutsche Bank is not subject to the FDCPA.

### **THE § 1692g CLAIMS.**

The Magistrate found the § 1692g claims against Defendants David A. Wallace ("Wallace") and Deutsche Bank are time-barred because the Amended Complaint added them as defendants over a year after the alleged initial communication.  *See* Report and Recommendation, § III(A)(1).  As to Defendant Carpenter Lipps & Leland LLP ("CLL") (and

Wallace and Deutsche Bank if somehow the claims were not time-barred), the Magistrate found that Forgues failed to plausibly allege an initial communication in connection with the collection of a debt.  *See id.* § III(A)(2).  The Magistrate declined to address the second required element of a § 1692g claim—whether a subsequent debt collector is required to provide debt validation— having correctly found that Forgues' First Amended Complaint failed to plausibly allege the first required element—an initial communication in connection with the collection of a debt.  *See id.* § III(A)(3).

### Forgues' § 1692g(b) Claims Against Deutsche Bank And Wallace Are Time-Barred.

Forgues argues that the Magistrate misconstrued the basis for her argument that the § 1692g(b) claims were not time-barred as to Deutsche Bank and Wallace.  *See* Objections, § II(A)(1).  Forgues claims that Deutsche Bank and Wallace violated § 1692g(b) when they served and filed Deutsche Bank's brief in Forgues' state court appeal of the denial of her motion for relief from judgment.  Forgues fails to explain how filing a brief in a state court appeal can possibly amount to a violation of the validation of debt provisions of § 1692g(b).  Nothing in Forgues' objections establishes a timely claim under any provision of § 1692g against Deutsche Bank or Wallace.  The Court should overrule this objection, adopt the Magistrate's Report and Recommendation, and dismiss the §1692g claims against Deutsche Bank and Wallace.

### The Magistrate Correctly Found That The October 23 Letter Was Not In Connection With The Collection Of A Debt.

Forgues claims the Magistrate erred in finding the October 23, 2015 letter was not a communication in connection with the collection of a debt.  *See* Objections, § III(A)(2).  The Magistrate correctly held that for a communication to be in connection with the collection of a debt, the communication's animating purpose must be to induce payment.  The Magistrate then

carefully considered and properly applied the factors set forth by the Sixth Circuit in *Goodson v. Bank of America, N.A.*, used to determine whether the animating purpose was to induce payment, and correctly found the letter did not have the characteristics of a communication connected to debt collection.  There was no error in the Magistrate's analysis.

Forgues first takes issue with Magistrate's application of the §1692g standard, arguing that the October 23, 2015 letter was "connected to" the foreclosure action, which was a debt collection action, so the letter was in connection with the collection of a debt.  *See* Objections, § III(A)(2)(a)(1).  Forgues' objection simply ignores the well-established requirement that to be in connection with the collection of a debt, a communication's animating purpose must be to induce payment.  *See Goodson v. Bank of America, N.A.*, 600 Fed. Appx. 422, 430 (6th Cir. 2015); *Grden v. Leiken Ingber & Winters,* 643 F.3d 169, 173 (6th Cir. 2011).  Forgues' self-serving interpretation would make virtually all communications subject to §1692g, contrary to the law and common sense.  *See Grden,* 643 F.3d at 173 ("'the statute does not apply to *every* communication between a debt collector and a debtor.'") (quoting *Gburek v. Litton Loan Serv. LP,* 614 F.3d 380, 385 (7th Cir. 2010) (emphasis in original)).  The Magistrate correctly concluded that the animating purpose of the letter was not to induce payment.   Further, the letter does not even meet Forgues' incorrect standard, because it was related to an appeal of Forgues' motion to vacate the foreclosure judgment, not the foreclosure action itself.  Moreover, because Deutsche Bank is not a debt collector, the foreclosure action was not a debt collection action under the FDCPA.

Forgues also takes issue with the Magistrate's application of the *Goodson* factor of whether the communication is part of a strategy to make payment more likely.  *See* Objections, § III(A)(2)(a)(ii).  Forgues disagrees with the Magistrate's determination that the settlement offer

4

attached to the October 23, 2015 letter would not require her to do anything she was not already legally obligated to do, but provides no basis for her position.  The Magistrate correctly noted that the existing foreclosure judgment gave Deutsche Bank the right to proceed to sell the property, which would divest her of legal rights to possession and occupation of the property; thus, the settlement offer created no greater inducement for Forgues to surrender her home than what already existed.  Forgues suggestion that whether she had a legal obligation to vacate the property after a sale is irrelevant to the applicability of the FDCPA is thus wrong.  The Magistrate correctly found the settlement offer was not part of a strategy to make payment more likely.

Forgues does not take issue with the Magistrate's analysis of the other *Goodson* factors that weigh in favor of the finding that the October 23, 2015 letter was not in connection with the collection of a debt.  The Magistrate correctly found that the nature of the relationship between the parties was not a debt collection relationship, that the letter did not demand payment, the letter did not state a balance due, the letter was sent in response to Forgues' settlement inquiry, the letter did not state it was an attempt to collect a debt, and the letter did not threaten consequences for the failure to pay.  Considering all of the *Goodson* factors, the Magistrate correctly found the October 23, 2015 letter was not in connection with the collection of a debt.

Having determined that the First Amended Complaint did not plausibly allege that the October 23, 2015 letter was a communication in connection with the collection of a debt, the Magistrate did not address whether the letter was the initial communication about the debt. Forgues illogically suggests that Defendants' argument that the FDCPA Notice attached to the foreclosure complaint was the initial communication is somehow a concession that the October 23, 2015 letter was in connection with the collection of a debt.  *See* Objections, § III(A)(3).  This

is simply untrue.  To implicate § 1692g(a), a communication must be both the "initial" communication and "in connection with the collection of a debt."  Defendants simply argued that since Forgues had already received the notice required by § 1692g(a), the October 23, 2015 letter was not the initial communication, regardless whether the letter was or was not in connection with the collection of a debt.  The Magistrate did not err in not considering this issue, and there was no concession in these circumstances.  The Court should overrule this objection.

### THE § 1692c(b) CLAIM.

The Magistrate found that Forgues did not state a plausible claim that Defendants improperly communicated about her debt with a third-party in violation of § 1692c(b).  The Magistrate noted that the alleged third-party was the state court and the alleged communications were the notice of appearance and appellee brief, and determined that the state court appellate rules authorized the filings, that Forgues consented to these communications by filing the appeal, and that under the *Goodson* factors, the notice of appearance and appellee brief were not in connection with the collection of a debt.  *See* Report and Recommendation, § III(C).

In response, Forgues appears to argue that her express permission was required before Defendants could file *anything* in response to state court appeal.  *See* Objections, §III(B), p. 11. Forgues cites no cases supporting this novel argument.  The Magistrate correctly found that Forgues' filing of the appeal constituted her consent to Deutsche Bank appearing in and defending the appeal by filing a notice of appearance and appellee brief.  To find otherwise would allow consumers to prevent a plaintiff from defending an appeal by withholding consent to file documents in that appeal.  The U.S. Supreme Court addressed this issue in the context of a cease and desist request under § 1692c(c), finding that "it would be odd if the [FDCPA] empowered a debt-owing consumer to stop the 'communications' inherent in an ordinary lawsuit

and thereby cause an ordinary debt-collecting lawsuit to grind to a halt." *Heintz v. Jenkins*, 514 U.S. 291, 296, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

Forgues' argument that the Magistrate incorrectly found that the state court appellate rules permitted, and even required, Deutsche Bank to defend the appeal is completely unsupported. *See* Objections, § III(B), p. 11. Forgues cites no case law for this position. Forgues' reliance on a legal brief filed by the CFPB in an unrelated case on an unrelated issue does not undercut the Magistrate's common sense analysis. Thus, there was no improper third-party communication in violation of § 1692c(b) in the Defendants' actions in defense of the appeal filed by Forgues.

Forgues also argues that the Magistrate improperly considered *Stephens v. Manley Deas Kochalski, LLC*, 2016 WL 6804441, *2 (E.D. Pa. Nov. 16, 2016) because that case was based on state law. *See* Objections, § III(B), pp. 11 n.3 & 13. This is incorrect. The *Stephens* court relied on state law requirements in dismissing the §1692c(a) claim, not the § 1692c(b) claim. With respect to the § 1692c(b) claim, the court held "it is unlikely that the term 'third party' was meant to include a court, given the context and the statute's purpose." *Stephens v*, 2016 WL 6804441, *2. The *Stephens* case is consistent with the Supreme Court's decision in *Heintz*, and the Magistrate did not err in relying on it.

Forgues also argues for the first time that Deutsche Bank is a debt collector and thus its communications with the Court were improper because the FDCPA does not authorize legal actions by debt collectors and because Deutsche Bank did not bring the foreclosure action in the correct venue under the FDCPA. *See* Objections, § III(B). Forgues' arguments are without merit.

First, as set forth above, Deutsche Bank is not a debt collector under the FDCPA.  Thus, Deutsche Bank's filings could not have violated the FDCPA as a matter of law.

Second, § 1692i does not prevent debt collectors from bringing legal actions on debts as Forgues claims; rather, it is a venue statute.  Several district courts have addressed Forgues' argument and rejected it.  *See, e.g., Bey v. Daimlerchrysler Servs. of N. Am., LLC*, No. CIV. 04-6186 RBK, 2005 WL 2090207, at *3 (D.N.J. Aug. 29, 2005) (rejecting unsupported argument that §1692i(b) affirmatively prohibits debt collectors from bringing legal actions);  *Rice v. Palisades Acquisition XVI, LLC*, No. 07C4759, 2007 WL 4522617, at *3 (N.D. Ill. Dec. 18, 2007) (§ 1692i(b) "does not stand for the proposition that debt collectors can never bring lawsuits").  Forgues cites no cases supporting her claim that debt collectors cannot bring legal actions.  Moreover, the venue provisions of § 1692i would not be needed if debt collectors were precluded from bringing legal actions on debts.  The Court should reject Forgues' nonsensical argument that debt collectors cannot bring legal action on debts.

Third, the foreclosure action was brought in the proper venue.  Section 1692i(a)(1) provides that "[a]ny debt collector who brings any legal action on a debt against any consumer shall—in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located."  15 U.S.C. § 1692i(a)(1).  Courts have held this means the action should be brought in the state court where the property being foreclosed is located.  *See Antoine v. CitiMortgage, Inc.*, No. 15CV5309JMAGRB, 2017 WL 1133354, at *3–4 (E.D.N.Y. Mar. 24, 2017) (foreclosure brought in county court where the property was located did not violate § 1692i(a)(1)); *Franklyn v. Fed. Nat. Mortg. Ass'n*, No. 14-CV-10943, 2015 WL 74673, at *7 (E.D. Mich. Jan. 6, 2015) (implausible that debt collectors violated 15 U.S.C. § 1692i by filing

foreclosure action in state court district in which the property was located).  Forgues admits the property subject to the foreclosure action is located in Cuyahoga County.  Deutsche Bank filed the foreclosure action in the Cuyahoga County Court of Common Pleas.  Thus, the foreclosure action was filed in a judicial district in which the property is located and there was no violation of § 1692i(a)(1).  Moreover, to the extent that Forgues is claiming the foreclosure action should have been filed in federal court, this is simply wrong.  *See Ayres v. Nat'l Credit Mgmt. Corp*., No. CIV.A. 90-5535, 1991 WL 66845, at *4 (E.D. Pa. Apr. 25, 1991) (forum limitation provisions of § 1692i establishes that "Congress implicitly renounced the bringing of such actions in federal court").

Next, Forgues argues that a court may give express permission to a debt collector by way of a judgment obtained by a creditor, but Deutsche Bank is not a creditor in this case.  *See* Objections, § III(B), p. 12.  As noted, Deutsche Bank is not a debt collector and Deutsche Bank obtained a judgment in the foreclosure action.  Thus, even under Forgues' own theory, Deutsche Bank had permission from the state court to file documents in Forgues' appeal of an order denying her motion for relief from Deutsche Bank's foreclosure judgment.

Finally, Forgues argues that the Court should not consider the *Goodson* factors when deciding whether Defendants violated § 1692c(b) related to communications with third parties. *Id.* § III(B), p. 15.  However, Forgues cites no case law or other support for this proposition. Forgues again argues that the October 23, 2015 letter was in connection with the collection of a debt, but fails to address whether the notice of appearance and appellee brief, the only communications alleged to have been made to a third-party, were in connection with the collection of debt.  This is because there is no question that the notice of appearance and appellee brief were not.  The notice of appearance contained no information about the debt whatsoever.

The appellee brief likewise was not in connection with the collection of a debt because Defendants' relationship to Forgues was in connection with defending her appeal, the brief did not demand payment or state a balance due, the brief was filed in response to Forgues' appellant brief, the brief was not part of a strategy to make payment more likely because it did not demand payment, the brief did not state it was an attempt to collect a debt, and the brief did not threaten consequences if the debt was not paid.  Therefore, application of the *Goodson* factors establishes the alleged third-party communications were not in connection with the collection of a debt. Forgues' objections do not establish there was any improper communication with a third-party that could support Forgues' § 1692c(b) claim and the Magistrate correctly recommended dismissal of this claim.  The Court should overrule these objections.

### THE § 1692c(c) CLAIMS.

The Magistrate found Forgues' First Amended Complaint fails to state a claim that Defendants violated a cease and desist request because the First Amended Complaint contains no allegation of any communication sent after the alleged cease and desist request.  *See* Report and Recommendation, § III(C). Forgues admits this is true.  *See* Objections, § III(C).  Thus, the Court should adopt the Magistrate's recommendation to dismiss the § 1692c(c) claim.

10

**THE §1692e CLAIMS.**

The Magistrate found that there is a creditor to whom the debt was owed and rejected Forgues' argument that Defendants violated § 1692e by failing to disclose the name of the creditor.  The Magistrate also rejected Forgues' argument that Defendants could not have identified the creditor because there is no FDCPA creditor for the debt because Deutsche Bank obtained the debt after default.  *See* Report and Recommendation, § III(D).

Forgues argues that the Magistrate erred by not finding that Deutsche Bank is not a creditor under the FDCPA because it obtained the debt after default and thus any statements that Deutsche Bank is a creditor is false and misleading.  *See* Objections, § III(D).  As explained above, Deutsche Bank is not a debt collector under the FDCPA, and thus is a creditor under the FDCPA.  This alone renders the § 1692e claims invalid.  Further, even if the U.S. Supreme Court had not recently clarified that an entity who is assigned a debt after it is in default is not a debt collector, Forgues' § 1692e claims are still without merit.  The Magistrate correctly rejected, as unsupported, Forgues' argument that the creditor ceased to exist when the mortgage was assigned to Deutsche Bank.  The Magistrate also correctly noted that the only case cited by Forgues, *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016), did not support her "no creditor" argument.  Forgues cites no other cases.  Thus, any statement that Deutsche Bank is the creditor to whom the debt is owed are not false and misleading under § 1692e.  The Court should overrule this objection.

**THE COURT SHOULD NOT ALLOW AMENDMENT.**

Forgues also argues she should be allowed to amend the § 1692c(c) claim in the First Amended Complaint to address two other letters sent after the First Amended Complaint was filed.  The Court should not allow Forgues to amend.

11

First, Forgues has not moved to amend her complaint.  This alone establishes the Court should reject her claim that she should be given leave to amend instead of dismissing her § 1692c(c) claim.  *See PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004).  Forgues likewise has not submitted a proposed amended complaint or even submitted the letters she references in her objection, which she claims support her proposed amendment.  This also supports the denial of her improper request to amend.

Further, what Forgues actually seeks is not to amend her First Amended Complaint, but instead to supplement her First Amended Complaint, because the letters she references were sent after the filing of the First Amended Complaint.  *See* Fed. R. Civ. P. 15(d).  But again, Forgues has not filed a motion to supplement her complaint, which is required under the Federal Rules of Civil Procedure.  *Id*. ("On *motion* and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading") (emphasis added).  Thus, the Court should not allow Forgues to supplement her First Amended Complaint.

"The same standard of review and rationale that apply to amending a claim under Fed.R.Civ.P. 15(a) apply to supplementing a complaint."  *Brutz v. Stillwell*, No. 1:09 CV 2564, 2010 WL 1924471, at *18 (N.D. Ohio May 12, 2010) (citing *Spies v. Voinovich*, 48 Fed. Appx. 520, 527 (6th Cir. 2002)).  Justice does not require leave to supplement "if there has been undue delay, bad faith, dilative motive, or repeated failure to cure the deficiency by amendments previously allowed."  *Id.*  "Further, leave to supplement should also not be granted if the supplemental complaint would result in undue prejudice to the opposing party or if the supplemental complaint would be futile."  *Id*.

Forgues' request is untimely.  Forgues should not be allowed to wait until after the Magistrate's Report and Recommendation to dismiss the action to seek leave to amend or

12

supplement, particularly when she has known of these letters for months while the Court was considering the motion to dismiss.  The Court should reject this untimely attempt to supplement the First Amended Complaint.

Any supplementation of the First Amended Complaint would be futile in any event.  The March 30, 2017 letter is not a communication with respect to the debt.  The letter is a response to a communication Forgues sent to Defendants, which alleged that Defendants violated Rule 11 of the Federal Rules of Civil Procedure when they filed a motion to remand the state foreclosure action that Forgues improperly removed more than four years after judgment was entered (the Court has since remanded the case).  The Magistrate already noted that responses to communications should not be considered debt collection. That conclusion is equally applicable here, where Forgues sent a Rule 11 letter to which the Defendants responded.  In addition, the Defendants' response letter had nothing to do with any debt.  The letter simply responded to the Rule 11 letter and advised Forgues that her action in improperly removing the post-judgment foreclosure action itself violated Rule 11.  Thus, this letter cannot support a claim under § 1692c(c).

The March 29, 2017 letter was a validation of debt letter under § 1692g.  Although Wallace and CLL dispute they are debt collectors within the meaning of the FDCPA, they sent the letter out of an abundance of caution, due to Forgues' litigiousness and the fact that it was the first time Wallace and CLL became involved with the underlying foreclosure action.  Under Forgues' theory, Wallace and CLL cannot avoid liability under the FDCPA because sending the validation notice violated her cease and desist, but not sending it would violate § 1692g.  The FDCPA is not meant to allow consumers to create "catch 22" violations in this fashion.  Thus, this letter likewise cannot not support a § 1692c(c) claim.

The Court should reject Forgues' procedurally improper, untimely, and futile attempts to supplement her First Amended Complaint.

**<u>CONCLUSION</u>.**

For these reasons, Defendants respectfully request that this Court overrule Forgues' objections, adopt the Magistrate's Report and Recommendation and dismiss Forgues' First Amended Complaint with prejudice.

Respectfully submitted,

/s/ David A. Wallace
David A. Wallace (0031356)
Karen M. Cadieux (0079240)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Telephone (614) 365-4100
Facsimile (614) 365-9145
wallace@carpenterlipps.com
cadieux@carpenterlipps.com
Attorneys for Defendants
Carpenter Lipps & Leland LLP,
David A. Wallace, and
Deutsche Bank National Trust Company, as
Trustee for JP Morgan Mortgage Acquisition Trust
2007-CH5, Asset Backed Pass-Through
Certificates, Series 2007-CH5

14

## <u>PAGE LIMIT CERTIFICATION</u>

This case has not been assigned to a Track and this memorandum complies with the page

limitations set forth in Local Rule 7.1(f) for unassigned cases.

/s/ David A. Wallace
One of the Attorneys for Defendants
Carpenter Lipps & Leland LLP,
David A. Wallace, and
Deutsche Bank National Trust Company, as
Trustee for JP Morgan Mortgage Acquisition Trust
2007-CH5, Asset Backed Pass-Through
Certificates, Series 2007-CH5

15

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was filed electronically on July 25, 2017.    Notice was also sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel.    The parties may access this filing through the Court's ECF system.

A copy was also served on July 25, 2017 by first class U.S. Mail, postage prepaid, upon Christine J. Forgues, 115 Terrace Drive, Johnstown, PA 15904.

/s/ David A. Wallace
One of the Attorneys for
Carpenter Lipps & Leland LLP,
David A. Wallace, and
Deutsche Bank National Trust Company, as Trustee for JP Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5

697406

16