UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTINE J. FORGUES,** | ) | **CASE NO.1:16CV2576** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **CARPENTER LIPPS & LELAND LLP,** | ) | **OPINION AND ORDER** |
| **ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (ECF # 14) that Defendants' Motion to Dismiss (ECF # 10) be granted and all Plaintiff's claims be dismissed. Upon consideration of the Motion, Briefs, Report and Recommendation and Objections, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendants' Motion to Dismiss and dismisses Plaintiff's claims.

On January 5, 2017, Plaintiff Christine J. Forgues filed her First Amended Complaint, pro se, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") against Defendants Carpenter Lipps & Leland LLP, David Wallace and Deutsche Bank National

Trust Company arising out of Defendants' attempts to collect on obligations related to the foreclosure of Plaintiff's residence.

**Factual Background**

As recited in his Report and Recommendation, the facts in this case are as follows: on March 23, 2007, Plaintiff and her late husband borrowed $144,000 from Chase Bank USA, NA to purchase a home in exchange for a promissory note and mortgage. On May 14, 2010, Chase Bank assigned the mortgage to Deutsche Bank National Trust Co. as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5. Plaintiff defaulted on the loan and Deutsche Bank instituted foreclosure proceedings in state court, resulting in a default judgment for Deutsche Bank which Plaintiff did not appeal. On June 1, 2013, Select Portfolio Servicing, Inc. ("SPS") became the servicer of the loan. Deutsche Bank did not proceed with a foreclosure sale of the property.

On June 30, 2015, Plaintiff filed a Motion to Set Aside the Default Judgment but that Motion was denied. Plaintiff also filed a Complaint against SPS in federal court, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") arising from the SPS's attempts to collect on the debt that was the subject of the foreclosure action. Defendants David Wallace and Carpenter Lipps & Leland LLP appeared as counsel for SPS in Plaintiff's FDCPA and FCRA actions.

On September 23, 2015, Plaintiff emailed Carpenter and Wallace in attempt to settle her federal action and on October 5, 2015, SPS filed a Motion to Dismiss Plaintiff's FDCPA and FCRA complaint. Four days later, Plaintiff appealed the denial of her Motion to Set Aside the Default Judgment. On October 23, 2015, Wallace and Carpenter entered an

appearance on behalf of Deutsche Bank in Plaintiff's appeal.  Wallace sent Plaintiff a letter, informing her that Defendants were willing to discuss settlement.  Plaintiff responded with a Consumer Notice of Dispute, contesting her entire debt and informing Defendants that she intended to sue them.

Plaintiff's federal action claims were ultimately disposed of on summary judgment and the judgment was affirmed by the Sixth Circuit Court of Appeals.  Plaintiff subsequently sent invoices to Defendants alleging damages and a cease and desist letter.  Plaintiff then filed this action.

According to Plaintiff, Defendants committed five violations of the FDCPA.  These are as follows:

1) Pursuant to 15 U.S.C. § 1692g(a) a debt collector is required to provide certain information to the debtor within five days of the initial communication.  Plaintiff alleges the October 23, 2015 letter was an initial communication that failed to comply with the requirements of 1692g.

2) Pursuant to 1692g(b), if a debtor disputes the debt the debt collector must cease collection activities until it verifies the debt.  Plaintiff alleges Defendants failed to cease collection activities and failed to validate the debt.

3) Pursuant to 1692c, a debt collector is prohibited from disclosing information about a debt to third parties without the consent of the debtor or court order.  Plaintiff alleges Defendants violated the FDCPA by filing a notice of appearance and an appellate brief with the state appellate court.

4) Pursuant to 1692c, a debt collector may not continue to communicate with a debtor

upon receipt of a written cease and desist letter. According to Plaintiff, Defendants violated the FDCPA by the filing of the aforementioned notice of appearance and appellate brief.

5) Finally, 1692e prohibits a debt collector from using false, deceptive or misleading representations in connection with debt collections. Plaintiff alleges Defendants falsely asserted that Deutsche Bank was the creditor owed the debt, in violation of the FDCPA.

## Standard of Review

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, the District Court is required to review *de novo* any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party. *Thomas v. Arn* 474 U.S. 140, 150 (1985).

Local Rule 72.3(b) recites in pertinent part:

The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

## The Magistrate Judge's Recommendations and Plaintiff's Objections

In his Report and Recommendation, the Magistrate Judge recommends the Court grant

Defendants' Motion to Dismiss all of Plaintiff's 1692g claims. The Magistrate Judge determined that Plaintiff's 1692g claims against Wallace and Deutsche Bank are time-barred. The FDCPA places a one year limitation period on claims brought under 1692g. The one year period begins to run from the date on which the violation occurred. See 1692k(d). Defendants' letter was sent on October 23, 2015. Defendants were required to submit the debt validation notice by October 28, 2015. Thus, Plaintiff had to bring an action no later than October 28, 2016. Plaintiff filed her Complaint on October 21, 2016, but did not name Wallace and Deutsche Bank as Defendants until her First Amended Complaint was filed on January 5, 2017. The Magistrate Judge found Plaintiff conceded the claim and found Wallace and Deutsche Bank were entitled to dismissal.

In her objections, it is difficult to determine if Plaintiff objects to the finding of the Magistrate Judge. The Court finds upon review of her opposition to Defendants' Motion to Dismiss that she did concede the claim insofar as they apply to her claims against Wallace and Deutsche Bank on her 1692g(a) claims. However, even were the Plaintiff to object, the Magistrate Judge correctly determined Plaintiff's 1692g claims against Wallace and Deutsche Bank were brought well outside the one year limitation period. Plaintiff contends that her sending of an invoice to enforce liability within one year of the violation satisfies the one-year limitation requirement of 1692k(d). However, the one year limitation requires that suit be brought to enforce liability and Plaintiff provides no legal support for the proposition that an invoice tolls the limitation period for bringing suit. Therefore, the Court overrules insofar as she states an objection and adopts the Magistrate Judge's recommendation that Plaintiff's 1692g claims against Wallace and Deutsche Bank be dismissed.

Plaintiff clearly disputes the Magistrate Judge's recommended dismissal of Plaintiff's 1692g(b) claims against Defendants.  Pursuant to 1692g(b), if, within thirty days of receiving notice of a debt containing the information as required under 1692g(a), a consumer submits a written dispute of the debt, a debt collector must cease collection efforts until it mails to the consumer verification of the debt or judgment or name and address of the original creditor.  According to Plaintiff, her 1692g(b) claims against Defendants Wallace and Deutsche Bank accrued in April 2016 when these Defendants failed to respond to the Notice of Dispute by validating the debt and ceasing debt collection activities and communications.  Instead, the Defendants served and filed a brief in support of foreclosure with the Ohio appellate court, therefore, continuing collection efforts.  This falls within the one year limitation period according to Plaintiff.

The Magistrate Judge determined that regardless of whether Plaintiff's claims under 1692g(b) were time-barred, Defendants' October 23, 2015 letter was not conduct taken in connection with the collection of a debt under the statute.  Therefore, the notice, validation and cessation of collection activity requirements were never triggered and any of Plaintiff's claims arising therefrom must be dismissed.  The Magistrate Judge analyzed the factors set out in *Goodson v. Bank of Am., N.A.* 600 F.App'x. 422, 431 (6th Cir. 2015) and determined that Plaintiff failed to allege a plausible claim that the letter's animating purpose was to induce payment.  The factors are as follows: "(1) the nature of the relationship of the parties; (2) whether the communication expressly demanded payment or stated a balance due; (3) whether it was sent in response to an inquiry or request by the debtor; (4) whether the statements were part of a strategy to make payment more likely; (5) whether the

communication was from a debt collector; (6) whether it stated that it was an attempt to collect a debt; and (7) whether it threatened consequences should the debtor fail to pay." *Id.*

The Magistrate Judge found the letter did not demand payment nor did it indicate it was an attempt to collect a debt, in fact, it did not reference Plaintiff's debt at all. Instead, the letter was a response to Plaintiff's August 2015 letter, expressing an interest in resolving her underlying federal claim and state court appeal. It included a previous settlement offer from SPS. At its heart, the letter was a response to Plaintiff's settlement offer.

The Magistrate Judge further found the letter was not part of a strategy to induce payment because the letter requested nothing further than what Plaintiff was already legally obligated to do. Foreclosure judgment was already entered against Plaintiff.

The letter also provided a service copy of the Notice of Appearance of Wallace and CLL filed in the state appellate action. This was done as a response to Plaintiff's appeal of the state trial court's denial of Plaintiff's Rule 60(b) motion to set aside the foreclosure judgment. Furthermore, Wallace and CLL had no debt collection relationship with Plaintiff. Neither Wallace nor CLL were counsel for the bank or servicer in the underlying foreclosure action. They represented SPS in Plaintiff's federal suit against SPS. Based on these facts, the Magistrate Judge found the October 23, 2015 letter was not a communication in connection with a debt collection.

Plaintiff objects to the conclusion of the Magistrate Judge holding that the Wallace letter of October 23, 2015 was not a communication in connection with the collection of a debt. According to Plaintiff, the October 23, 2015 letter included the SPS settlement letter which clearly concerned the resolution of the foreclosure appeal as well as Plaintiff's federal

action against SPS. Thus, it was a communication in connection to a debt collection. Although it did not demand payment it did require Plaintiff relinquish possession of her home. Because the Sixth Circuit in *Glazer v. Chase* 704 F.3d 453 (6th Cir. 2013), determined foreclosure actions were debt collections covered by the FDCPA, Plaintiff argues the settlement offer necessarily constituted a communication in connection with the collection of a debt as at its heart it sought to have her vacate the foreclosed property. Even if it is true that Plaintiff had no possessory rights to remain in the house, Plaintiff contends this issue is immaterial as it does not abrogate Defendants' obligations under the FDCPA. Plaintiff also contends that regardless of whether Wallace and CLL were defending a suit, their conduct in filing an appellate brief still concerns Defendants' conduct in attempting to collect a debt, which is an act, according to Plaintiff, governed by the FDCPA.

      Having reviewed Plaintiff's Objections, the Court holds that the Magistrate Judge properly considered the *Goodson* factors and correctly determined that an action against all Defendants based on 1692g fails because the October 23, 2015 letter was not a communication in connection with a debt. All the factors militate in favor of dismissal. The letter, which was attached and referred to in Plaintiff's First Amended Complaint, reads as follows:

<u>Re: Christine J. Forgues v. Select Portfolio Servicing, Inc.</u>
<u>Case No. 1:15-CV-1670, U.S. District Court, Northern District of Ohio</u>

<u>Deutsche Bank National Trust Company v. Christine Forgues, et al.</u>
<u>Case No. CA 15 103613, Eighth District Court of Appeals</u>

    Dear Ms. Forgues:

      We represent Select Portfolio Servicing, Inc. ("SPS") in the referenced federal case, and Deutsche Bank National Trust Company, as Trustee for J.P.

> Morgan Mortgage Acquisition Trust 2007-Cl-15, Asset Backed Pass-Through Certificates, Series 2007-CHS in the referenced state court foreclosure action. We understand that back in August 2015 you had some discussions with SPS regarding a resolution of your dispute with SPS and the Bank. SPS sent you the paperwork for consideration for a cash-for-keys settlement. A copy of that correspondence is enclosed. Please contact me to discuss whether you are still be (sic) interested in a resolution of both cases along those lines.
>
> Also enclosed is your service copy of the Notice of Appearance of Counsel that we filed with the Eighth District Court of Appeals. We look forward to hearing from you.

The above letter from Wallace and CLL on behalf of SPS and Deutsche Bank references settlement discussions between Plaintiff and SPS in August of 2015. Plaintiff filed her suit against SPS on August 19, 2015. Plaintiff's First Amended Complaint alleges Plaintiff reached out to SPS via an email to Wallace on September 23, 2015, inquiring about the possibility of settlement of her case against SPS. Defendants October 15, 2015 letter was a response to her settlement offer and included an offer to discuss resolution of her appellate action as well. Because it was a response to Plaintiff's inquiry of settlement, the Magistrate Judge found this to weigh against Plaintiff. The Court agrees. Defendants response to a settlement inquiry by Plaintiff that did not demand payment or vacation of her home militates strongly against the conclusion that the animating purpose of the statements was to induce payment.[1]

---

[1] There is also a serious issue with Plaintiff's claim that has not been broached by the parties. Plaintiff's claims depend on the nature and content of Defendants' October 23, 2015 letter. That letter was a response to Plaintiff's settlement inquiry and contained proposed settlement terms. Plaintiff's initial email and Defendants' responsive settlement letter were both issued post-commencement of litigation and directly contemplate settlement of the litigation. At first blush, this appears to the Court to contravene Fed. R. Evid. 408 which expressly prohibits the use of settlement offers or negotiations to prove or disprove "the validity or

Furthermore, the Court disagrees with Plaintiff that Defendants' response to Plaintiff's settlement inquiry was part of a strategy by Defendants to make payment more likely. First, Plaintiff already had a foreclosure judgment against her and her attempt to reopen the foreclosure action was denied. Subsequently, Plaintiff lost her appeal to reopen the foreclosure. The Magistrate Judge correctly held Defendants' letter offered nothing more than what they were already legally entitled to; possession of the property. Second, there was no need for strategy by the Defendants to make foreclosure more likely. They already obtained a foreclosure judgment that Plaintiff failed to appeal. Lastly, it would be a strange strategy indeed by a Defendant that anticipates and relies on a Plaintiff-initiated suit and settlement inquiry in order to make foreclosure more likely.

Defendants' letter also did not state it was an attempt to collect a debt, the attached SPS offer expressly stated it was not an attempt to collect a debt and it did not threaten any consequences nor did it demand payment.

Therefore, the Court finds the Magistrate Judge correctly analyzed the claims and defenses and the Court adopts the Report and Recommendation and dismisses Plaintiffs' claims under 1692g.

**1692c(b)**

Plaintiff's First Amended Complaint alleges Defendants' filing of a Notice of Appearance and an appellee brief in Plaintiff's appeal of the denial of her Rule 60(b) Motion to reopen the foreclosure action was a communication to third parties in violation of 1692c.

Section 1692c(b) states:

---

amount of a disputed claim." This further militates against Plaintiff's claims.

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, *in connection with the collection of any debt*, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

The Magistrate Judge recommended dismissal of Plaintiff's claim, holding that she failed to allege a plausible claim to relief. The Magistrate Judge found that the Ohio Appellate Rules of Procedure provided the express permission of a court of competent jurisdiction to file their Notice and brief, and in fact, the Magistrate Judge determined the Rules of Court *required* Defendants submit these filings. The Magistrate Judge further applied the *Goodson* factors to the Notice of Appearance and Appellee brief and found they weighed "overwhelmingly" in favor of Defendants insofar as these filings were not communications in connection with the collection of any debt. The Magistrate Judge further found that the prohibition on communications to third parties did not include courts in light of the stated context and purpose of the FDCPA. Finally, the Magistrate Judge found that were the Court to adopt Plaintiff's reasoning it would lead to an absurd result - i.e. Defendants unable to oppose a state court appeal for fear of an FDCPA violation.

Plaintiff objects to the Magistrate Judge's recommendation of dismissal of her 1692c(b) claim, contending the Court should give *Chevron* deference to an amicus brief filed by the Consumer Financial Protection Bureau ("CFPB") in an unrelated action wherein the CFPB advocated for the interpretation of the statute to be an absolute prohibition on third-party contacts, subject to narrow exceptions. The Court rejects this objection as meritless. The Court notes that only binding interpretations of statutes by agencies authorized to

11

administer them are entitled to *Chevron* deference.  See *Carter v. Welles Bowen Realty, Inc.*, 736 F.3d 722, 726 (6th Cir. 2013) (" Deference under *Chevron v. Natural Resources Defense Council* comes into play only when an agency offers a binding interpretation of a statute that it administers.").  An amicus brief advocating for a certain interpretation is not a binding interpretation and Plaintiff offers no argument or authority that the CFPB administers the FDCPA or issues binding administrative interpretations of it.

The Court further agrees with the Magistrate Judge that the *Goodson* factors clearly militate in favor of Defendants that their appellate filings were not communications in connection with the collection of a debt for the reasons stated in the Report and Recommendation.

Plaintiff objects on several grounds, arguing that the appellate filings included prohibited information on Plaintiff's debt, the FDCPA trumps state law and Defendants never obtained the express permission of the appellate court to make such filings.   Plaintiff argues that CLL was hired strictly as a further step in Deutsche Bank's process in foreclosure to collect on a debt and that Deutsche Bank is a debt collector and not a creditor.

The Court finds none of Plaintiff's objections availing.  In the appellate action, Defendants were defending Plaintiff's appeal of the denial of her Rule 60(b) motion to reopen the foreclosure case.  The foreclosure action had been unopposed and Plaintiff failed to appeal the foreclosure.  In the foreclosure judgment the state court determined that Deutsche Bank was the owner of the note and mortgage. (See state court judgment entry ECF #10-2 page ID 182 ).  Plaintiff cannot contest in a collateral action Deutsche Bank's status as a creditor because she failed to oppose or appeal this finding by the state court in the foreclosure action.

Furthermore, as the owner of the note and mortgage and having obtained judgment, Plaintiff cannot contest that Deutsche Bank is a creditor and is not subject to the FDCPA restrictions placed on debt collectors.  See *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724, 198 L. Ed. 2d 177 (2017) (" So a company collecting purchased defaulted debt for its own account...would hardly seem to be barred from qualifying as a creditor under the statute's plain terms.").

Neither can Plaintiff plausibly assert that Defendants' filing of a Notice of Appearance and Appellee Brief in Plaintiff's appeal in state court were violations of 1692c(b).  Although courts have held that communications by attorneys to a court via court filings may present an FDCPA violation under 1692c, they still must be communications in connection to the collection of a debt.  In *Heintz v. Jenkins,* 115 S. Ct. 1489 (1995), the United States Supreme Court acknowledged that the litigation activities of lawyers fall under the FDCPA.  However, the Supreme Court stated in *Heintz* that "it would be odd if the Act empowered a debt-owing consumer to stop the communications inherent in an ordinary lawsuit and thereby cause an ordinary debt-collecting lawsuit to grind to a halt."  *Id* at 1491.  As the Magistrate Judge carefully analyzed under the *Goodson* factors, neither document presents such an issue as neither filing discussed a demand for payment or foreclosure or indicated a balance due and did not threaten consequences if Plaintiff failed to comply.  Thus, the Magistrate Judge correctly determined these filings were not communications in connection with a debt.

The Magistrate Judge also determined the filings fall under the FDCPA's exception for communications where a court has expressly permitted the filing.  Because the Ohio Rule of App. 18 authorizes the filing of an appellee brief and penalizes the appellee for failure to

file, the Magistrate Judge determined this was an express permission of the court to file the brief. The Court agrees that the Rule gives Defendants permission to file an appellee brief and penalizes an appellee who does not file a brief. Thus, the Court holds the filing of the briefs themselves was expressly permitted by the state appellate court. This permission did not necessarily include an express permit as to the contents of the filings, but the Magistrate Judge correctly determined the contents were not communications in connection with a debt under the *Goodson* factors.

Furthermore, 1692c permits communications reasonably necessary to effectuate post-judgment remedies. Here, Defendants filings were post-judgment defenses necessary to effectuate the remedy by defending Plaintiff's appeal. This further supports dismissal.

Plaintiff further argues that 1692i(b) contravenes the appellate rules insofar as 1692i(b) reads: "nothing in this title shall be construed to authorize the bringing of legal actions by debt collectors." According to Plaintiff, such statutory language negates any permission implied by the Rules of Court. This argument fails for a number of reasons. First, Plaintiff cannot challenge through this action the foreclosure judgment rendered in the state court. She waived that challenge by failing to oppose and failing to appeal the judgment. Second, the filings at issue in her 1692c(b) claim are related to Plaintiff's appeal of the denial of her Rule 60(b) motion and are not legal actions brought by the Defendants. They had already obtained a foreclosure judgment and the time to appeal had run.

In addition, the Magistrate Judge determined Plaintiff consented to Wallace and CLL communicating with the Court by filing her appeal. Because the judgment was rendered and the time to appeal had run, Plaintiff's attempt to reopen the foreclosure case required the

Defendants to defend the action. Thus, the Court agrees that in so reopening the case, Plaintiff's conduct necessitated Defendants' filings.

Given the defensive posture of Defendants' filings, Plaintiff's failure to oppose or timely appeal the foreclosure judgment and its findings, and having analyzed the content of the filings in light of the *Goodson* factors, the Court agrees with and adopts the Magistrate Judge's recommendation that Plaintiff's 1692c(b) claim be dismissed as to all Defendants.

**1692c(c)**

Plaintiff conceded this claim and raises no objection. Therefore, the Court adopts the Magistrate Judge's recommendation that her 1692c(c) claim be dismissed.

**1692e**

1692e prohibits debt collectors from using "false, deceptive or misleading representation or means in connection with the collection of any debt." According to Plaintiff, Defendants failed to disclose the name of the creditor in the October 23, 2015 letter. Plaintiff's argument appears to be that because Deutsche Bank was not the creditor because it was assigned the Note and Mortgage after default and because it was the trustee for Chase Bank, its collection actions were taken on behalf of Chase not Deutsche Bank. The FDCPA, at 1692a, excludes those who collect debts on behalf of another from the definition of creditor. The Magistrate Judge determined that the October 2015 letter, wherein Plaintiff alleges the false representation was made, was not a collection letter and was therefore not subject to the FDCPA requirements. For the reasons previously stated, the Court agrees that the October 2015 letter was not a communication in connection with the collection of a debt and dismissal is appropriate.

15

Furthermore, this Court finds that the state court determined Deutsche Bank was the owner and holder of the note and mortgage and further entered judgment for Deutsche Bank on the Note and Mortgage.  Plaintiff cannot now collaterally attack the judgment in a subsequent federal action by challenging Deutsche Bank's status as the party to whom the debt is owed.

Lastly, Plaintiff requests in her Objections that the Court allow her to amend her complaint to include additional facts.  The Court follows the guidance of the Sixth Circuit that a plaintiff must properly file a motion for leave to amend under Fed. R. Civ. P. 7(b) and cannot merely place a request for leave to amend in a brief in opposition or objection to a Report and Recommendation.  *Prim Capital Corp. v. Pippen*, No. 1:09CV 561, 2009 WL 2579810, #2 (N.D. Ohio Aug. 19, 2009) citing *Begala v. PNC Bank, Ohio N.A.,* 214 F.3d 776, 784 (6th Cir. 2000).

Therefore, for the foregoing reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and grants Defendants' Motion to Dismiss (ECF # 10) Plaintiff's claims.

IT IS SO ORDERED.

    /s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  September 28, 2017