# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINE J. FORGUES, : | |
| : | CASE NO. 1:16-cv-2576 |
| Plaintiff, : | |
| : | JUDGE CHRISTOPHER BOYKO |
| v. : | |
| : | MAGISTRATE GREENBERG |
| CARPENTER LIPPS & LELAND LLP, *et al.*, : | |
| : | |
| Defendants. : | |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF CHRISTINE FORGUES' MOTION FOR LEAVE TO AMEND HER FIRST AMENDED COMPLAINT

Nearly a month after the Court adopted the Magistrate's Report and Recommendation and dismissed the First Amended Complaint of Christine J. Forgues ("Forgues"), Forgues filed a motion for leave to amend her dismissed complaint. Then just days later, Forgues appealed the dismissal to the Sixth Circuit. There is no basis for the Court to allow Forgues to amend the complaint, because the Court lacks jurisdiction to consider Forgues' motion, and the proposed amendments do not salvage Forgues' meritless claims.

### THERE IS NO BASIS FOR ALLOWING POST-JUDGMENT LEAVE TO AMEND.

Under Rule 15(a)(2) of the Federal Rules of Civil, leave to amend a complaint "may be denied where there is '*undue delay*, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party for virtue of allowance of the amendment, *futility of amendment*, etc.'" *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (emphasis added). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)); *see also United States ex rel. Ibanez v.*

*Bristol-Myers Squibb Co.*, 874 F.3d 905, 917 (6th Cir. 2017) (same). Allowing the filing of the proposed amended complaint would be futile, and the attempted amendment comes too late.

### A. Forgues' New Allegations.

Forgues proposes changes to eleven paragraphs of her First Amended Complaint, of which only a few can be considered substantive.

In paragraph 14, Forgues adds an allegation that non-party Select Portfolio Servicing, Inc. ("SPS") mailed monthly statements dated May 13, 2016, June 14, 2016, July 14, 2016, and November 14, 2016. *See* Proposed Second Amended Complaint, Doc. No. 19, ¶ 14. Forgues then alleges that these newly-referenced monthly statements, when considered in conjunction with the existing allegations concerning the state court appeal-related correspondence sent by Defendants Carpenter Lipps & Leland LLP ("CLL") and David Wallace ("Wallace"), including the October 23, 2015 letter, could lead a least sophisticated consumer to believe that CLL and Wallace were attempting to collect a debt on behalf of Deutsche Bank National Trust Company, as Trustee for JP Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5 ("Deutsche Bank"), and that Deutsche Bank was the current creditor to whom the debt was owed. *Id.*

In paragraph 22, Forgues added allegations that when the October 23, 2015 letter was sent, she still owned the property subject to the foreclosure and had the right of possession to remain in the property. *Id.* ¶ 22.

In paragraph 35, Forgues fixed a typographical error in the First Amended Complaint changing the date from March 15, 2016 to November 30, 2015. *Id.* ¶ 35.

Forgues removed two paragraphs: paragraph 62, which contained allegations that the First Amended Complaint related back to the original Complaint, and paragraph 69, which contained

2

the claim for violation of a cease and desist request. *Id.* ¶¶ 62 and 69; *see also* First Amended Complaint, Doc. No. 5, ¶¶ 62, 69.

In paragraph 72, which relates solely to damages, Forgues alleges that there was no disclosure of the creditor, that she was unrepresented by counsel, and that Defendants engaged in coercive settlement and collection attempts. *See* Proposed Second Amended Complaint, ¶ 72.

The other amendments were non-substantive changes to exhibit references. *See id.*, ¶¶ 21, 32, 38-39, 43.

### B. The Proposed Amendment is Futile.

None of the proposed new allegations save Forgues' claims from being dismissed for failure to state a claim. Therefore, allowing Forgues to amend would be futile.

### § 1692g Claims

The Court dismissed the 15 U.S.C. § 1692g claims against Wallace and Deutsche Bank because they are time-barred under the statute of limitations. Report and Recommendation, Doc. No. 14 ("R & R"), Page ID # 349-50; Opinion and Order, Doc. No. 17, ("Opinion"), Page ID # 405. The proposed new allegations do not and could not change the analysis of the statute of limitations.

The Court dismissed the § 1692g claims against CLL because the October 23, 2015 letter was not an initial communication in connection with the collection of a debt, since the animating purpose of the letter was not to induce payment. R & R, Page ID # 350-54, Opinion, Page ID # 410. In determining whether the letter's purpose was to induce payment of the debt, the Court considered the factors set forth in *Goodson v. Bank of Am., N.A.*, 600 F. App'x 422, 431 (6th Cir. 2015). In applying the *Goodson* factors, the Court held: (1) the letter did not state it was an attempt to collect a debt; (2) the SPS letter attaching the proposed Assistance Agreement that was

attached to the October 23, 2015 letter specifically stated it was not an attempt to collect a debt; (3) the October 23, 2015 letter did not demand payment and did not threaten consequences if payment was not made; (4) the purpose of the October 23, 2015 letter was to see if there was a potential to settle the prior federal action and state court appeal; (5) the Assistance Agreement contemplated paying Forgues $3,000 in exchange for her vacating the property after it was sold in the foreclosure; (6) the October 23, 2015 was sent in response to an email from Forgues inquiring about settling the prior federal action even if the response was sent after Forgues' arbitrary deadline; (7) the settlement offer was not a strategy to induce Forgues to give up possession of the property because it did not require her to move out of the property until after the sale, which she would have been legally required to do absent any settlement; (8) another purpose of the letter was to provide a copy of a notice of appearance filed in the state court appeal of the denial of Forgues' motion for relief from the foreclosure judgment; (9) there was no debt collection relationship between Forgues and CLL or Wallace; (10) the letter was sent after Deutsche Bank had obtained a foreclosure judgment; and (11) the letter was not admissible to prove the validity of Forgues' claim under Rule 408 of the Ohio Rules of Civil Procedure. *Id.*

The new allegations that SPS sent monthly statements to Forgues on May 13, 2016, June 14, 2016, July 14, 2016, and November 14, 2016, some eight to thirteen months *after* the October 23, 2015 letter appear intended to change the Court's consideration of the *Goodson* factors. But the new allegations make no difference. Forgues was obviously unaware of the unsent monthly statements when she received the October 23, 2015 letter. Thus, they cannot possibly have any bearing on whether the October 23, 2015 was an attempt to collect a debt. Further, the monthly were not sent by CLL, Wallace or Deutsche Bank; they were sent by SPS, who is not a party to this action. Likewise, the new allegations in paragraph 22 that Forgues had a

4

possessory interest in the property at the time the October 23, 2015 letter was sent does not save the claim, because, as the Court found, the Assistance Agreement only required Forgues to surrender possession of the property after the sale, which she would have been legally obligated to do in any event. The Assistance Agreement did not require her to leave the property if there was no sale.

The new allegation that Forgues was unrepresented by counsel also has nothing to do with whether the letter was an attempt to collect a debt. This allegation does not change any analysis under *Goodson*. Finally, the allegations that Defendants engaged in coercive settlement and collection attempts are legal conclusions that are not supported by any facts alleged in the proposed Second Amended Complaint. Allowing Forgues to amend her complaint to add these allegations would be futile because the § 1692g claims would still fail to state a claim for relief.

### § 1692c(b) Claims

The Court dismissed Forgues' 1692c(b) claims because Defendants had the express permission of a court of competent jurisdiction to file the notice of appearance and appellee brief. The Court correctly concluded that the Ohio state court rules not only allowed, but required, these documents to be filed and that the notice of appearance and appellee brief were not communications in connection with the collection of a debt. R & R, Page ID # 356-57, Opinion, Page ID # 410-12. The new allegations related to the mailing of statements months after the notice of appearance and appellee brief were filed cannot support a claim that the notice of appearance and appellee brief were in connection with the collection of a debt or that they were not authorized to be filed by the state appellate court. Allowing the amendment would be equally futile as to the § 1692c(b) claim.

**§ 1692e Claim**

The Court dismissed Forgues' § 1692e claims because it rejected Forgues' arguments that because Deutsche Bank obtained the debt after default, there could be no creditor under the FDCPA and that "debt collection without a creditor" is somehow actionable under the FDCPA. R & R, Page ID # 358-61, Opinion, Page ID # 415-16. The Court also found that the communications (the October 23, 2015 letter, notice of appearance and appellee brief) were not in connection with the collection of a debt. *Id.* Finally, the Court found that that Deutsche Bank is a creditor, and not a debt collector subject to the FDCPA, based on *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724, 198 L. Ed. 2d 177 (2017). *Henson* held that an entity to which the debt is owed does not qualify as a debt collector even if the debt is obtained after default. R & R, Page ID # 358-61, Opinion, Page ID # 415-16.

Again, the new allegations related to the mailing of statements after the October 23, 2015 letter, and after the notice of appearance and appellee brief were filed cannot support a claim that any of the communications were in connection with the collection of a debt. Further, the new allegations cannot support any FDCPA against Deutsche Bank or its agents because there are no facts that could be alleged to establish Deutsche Bank is a debt collector.

**C. Forgues Unduly Delayed in Filing the Motion to Amend.**

The Sixth Circuit has held that a motion to amend filed after dismissal may be denied based on undue delay where the party seeking to amend offers no reason for the failure to move to amend prior to the dismissal. *See Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005). Forgues became aware of the deficiencies in her First Amended Complaint when Defendants filed their motion to dismiss on February 21, 2017. There can be no question that Forgues was further advised that her First Amended Complaint was deficient on June 26, 2017

when the Magistrate issued his Report and Recommendation setting forth the reasons dismissal was warranted. Forgues did nothing to attempt to amend the Complaint over the four-month period between the issuance of the Report and Recommendation and the Court's order adopting the Report and dismissing the complaint. Despite this, Forgues then waited another month, until October 24, 2017, to file the motion to amend. Forgues had adequate opportunity to file her motion to amend sooner. Forgues had the monthly statements on which she bases her proposed amendment over a year ago. Forgues unduly delayed in adding the monthly statements to her complaint.

### **THERE IS NO BASIS FOR RELIEF FROM JUDGMENT UNDER RULE 60(b).**

Although Forgues did not seek relief from the judgment in her motion, the Court instructed Defendants to analyze the motion under Rule 60(b) of the Federal Rules of Civil Procedure. The motion does not establish any basis for relief under Rule 60(b).

Rule 60(b) provides a basis for a court to relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Forgues' motion appears to argue that the Court improperly relied upon the *Goodson* case because it is an unpublished case. It is not clear what provision of Rule 60(b) this argument would fall under, but the argument lacks merit in any event. Both the Federal Rules of Appellate

Procedure and the Local Rules for the Sixth Circuit allow the citation of unpublished decisions even though they are not binding.  *See* Fed. R. App. P. 32.1(a); Sixth Cir. Loc. R. 32.1(a). Unpublished decisions can be relied upon by the district courts and Sixth Circuit as they see fit. *See United States v. Keith*, 559 F.3d 499, 505 (6th Cir. 2009) ("Although unpublished decisions do not have precedential authority, they may be considered for their persuasive value").  Defendants respectfully submit that *Goodson* provides a sensible and workable framework for courts to determine whether correspondence is intended to induce payment.  Several courts have followed *Goodson*.  *See Todaro v. Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.*, No. 1:16 CV 1480, 2016 WL 6777805, *5 (N.D. Ohio Nov. 16, 2016) (Gaughan, J.), *aff'd*, 6th Cir. No. 16-4763, 2017 WL 3207145 (Jul. 28, 2017); *Bohringer v. Bayview Loan Servicing, LLC*, 141 F.Supp.3d 1229, 1240 (S.D. Fla. 2015); *Dyer v. Select Portfolio Servicing, Inc.*, 108 F.Supp.3d 1278, 1281 (M.D. Fla. 2015); *Salewske v. Trott & Trott P.C.*, No. 16-cv-13326, 2017 WL 2888998, *4 (July 7, 2017); *Thompson v. Nationwide Debt Mgt. Sols., LLC*, No. 4:16CV2745, 2017 WL 4574566, *8 (Oct. 13, 2017).  Thus, there was no error by the Court in relying on *Goodson* and this reliance cannot support a motion for relief from the judgment.

### **CONCLUSION.**

For these reasons, Defendants respectfully requests the Court deny Forgues' Motion for Leave to Amend her First Amended Complaint and any implicit request for relief from the judgment.

Respectfully submitted,

/s/ David A. Wallace
David A. Wallace (0031356)
Karen M. Cadieux (0079240)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Telephone (614) 365-4100
Facsimile (614) 365-9145
wallace@carpenterlipps.com
cadieux@carpenterlipps.com
Attorneys for Defendants
Carpenter Lipps & Leland LLP,
David A. Wallace, and
Deutsche Bank National Trust Company, as Trustee for JP Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5

**PAGE LIMIT CERTIFICATION**

This case has not been assigned to a Track and this memorandum complies with the page limitations set forth in Local Rule 7.1(f) for unassigned cases.

/s/ David A. Wallace
One of the Attorneys for Defendants
Carpenter Lipps & Leland LLP,
David A. Wallace, and
Deutsche Bank National Trust Company, as Trustee for JP Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically on December 27, 2017. Notice was also sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

A copy was also served on December 27, 2017 by first class U.S. Mail, postage prepaid, upon Christine J. Forgues, 115 Terrace Drive, Johnstown, PA 15904.

/s/ David A. Wallace
One of the Attorneys for
Carpenter Lipps & Leland LLP,
David A. Wallace, and
Deutsche Bank National Trust Company, as Trustee for JP Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5

710602