**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINE J. FORGUES, | ) | CASE NO. 1:16CV02576 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| CARPENTER LIPPS & LELAND LLP, et al, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |

This matter comes before the undersigned on referral for Report and Recommendation. Pending before the Court is Plaintiff Christine J. Forgues' Motion For Leave to Amend Her First Amended Complaint. (Doc. No. 19). For the reasons that follow, it is recommended Plaintiff's motion be DENIED.

**I. Procedural Background**

A recitation of Plaintiff's allegations and the procedural history of this matter are set forth in detail in the prior Report and Recommendation dated June 26, 2017, and will not be repeated herein. (Doc. No. 14.) As relevant herein, Plaintiff Forgues (hereinafter "Forgues") filed a Complaint in this Court on October 21, 2016. (Doc. No. 1.) Shortly thereafter, this matter was referred to the undersigned for pretrial supervision. (Doc. No. 3.) Forgues thereafter filed her First Amended Complaint on January 5, 2017. (Doc. No. 5.) Therein, Forgues alleged

five violations of the Fair Debt Collection Practices Act ("FDCPA") by Defendants Carpenter Lipps & Leland LLP, David A. Wallace, and Deutsche Bank (hereinafter "Defendants"). (*Id.*)

Plaintiff alleged the following:

> On March 23, 2007, Plaintiff and her late husband borrowed $144,000 from Chase Bank USA, N.A. to purchase a home in exchange for a promissory note and mortgage. On May 14, 2010, Chase Bank assigned the mortgage to Deutsche Bank National Trust Co. as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH5, Asset Backed Pass-Through Certificates, Series 2007-CH5. Plaintiff defaulted on the loan and Deutsche Bank instituted foreclosure proceedings in state court, resulting in a default judgment for Deutsche bank which Plaintiff did not appeal. On June 1, 2013, Select Portfolio Servicing, Inc. ("SPS") became the servicer of the loan. Deutsche Bank did not proceed with a foreclosure sale of the property.
>
> On June 30, 2015, Plaintiff filed a Motion to Set Aside the Default Judgment but that motion was denied. Plaintiff also filed a Complaint against SPS in federal court, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") arising from the SPS's attempts to collect on the debt that was the subject of the foreclosure action. Defendants David Wallace and Carpenter Lipps & Leland LLP appeared as counsel for SPS in Plaintif's FDCPA and FCRA actions.
>
> On September 23, 2015, Plaintiff emailed Carpenter and Wallace in attempt to settle her federal action and on October 5, 2015, SPS filed a Motion to Dismiss Plaintiff's FDCPA and FCRA complaint. Four days later, Plaintiff appealed the denial of her Motion to Set Aside the Default Judgment. On October 23, 2015, Wallace and Carpenter entered an appearance on behalf of Deutsche Bank in Plaintiff's appeal. Wallace sent Plaintiff a letter, informing her that Defendants were willing to discuss settlement. Plaintiff responded with a Consumer Notice of Dispute, contesting her entire debt and informing Defendants that she intended to sue them.

(Doc. No. 17, 2-3.)

On February 21 2017, Defendants filed a Motion to Dismiss the First Amended Complaint. (Doc. No. 10.) Forgues filed a Brief in Opposition, to which Defendants replied. (Doc. No. 11, 13.) On June 26, 2017, the undersigned issued a Report and Recommendation that

2

Defendants' motion be granted. (Doc. No. 14.) Therein, the undersigned relied in part on the Sixth Circuit opinion *Goodson v. Bank of America, N.A.,* 600 F. App'x 422 (6th Cir. 2015).

Objections were filed by Plaintiff, and Defendants filed a response. (Doc. No. 15, 16.) In her objections, Plaintiff relied on *Goodson* in her own analysis, and did not argue the undersigned erred by relying on it in the Report and Recommendation. (Doc. No. 15 at 6, 19.) On September 28, 2017, the Court adopted and accepted the Report and Recommendation, granting Defendant's Motion to Dismiss. (Doc. No. 17.) The Court agreed with the undersigned's analysis under *Goodson*, concluding neither Wallace's letter nor the appellate filings were "communications in connection with a debt." (Doc. No. 17 at 6, 8, 12.) This case was dismissed and judgment was entered in Defendant's favor on September 28, 2017. (Doc. No. 18.)

On October 24, 2017, following the dismissal of the case, Plaintiff filed a Motion For Leave To Amend Her First Amended Complaint, Federal Rules of Civil Procedure 7(b) and 15(a)(2). (Doc. No. 19.) This motion was referred to the undersigned for Report and Recommendation on October 26, 2017. (Doc. No. 20.) On that same date, Plaintiff filed a Notice of Appeal to the Sixth Circuit. (Doc. No. 21.)

The Court subsequently requested briefing on Plaintiff's Motion. (*See* Non-document Order dated 12/12/17) Defendants thereafter filed an Opposition to Plaintiff's Motion on December 27, 2017, to which Forgues replied. (Doc. Nos. 22 & 23.) On January 11, 2018, Defendants requested leave to file a sur-replay, which the Court granted. (Doc. No. 24 and Non-Document Order dated 1/16/18.) Defendants' sur-reply was filed on January 17, 2018. (Doc. No. 25.)

## II. Law and Analysis

**A.     Federal Rule of Civil Procedure Rule 15(a)(2)**

In her Motion, Forgues seeks leave to amend her Complaint, for a second time, under Fed. R. Civ. P. 15(a)(2). (Doc. No. 19 at 1.) Rule (15)(a)(2) provides:

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2). While Rule 15 "embodies a liberal amendment policy," it is well-established that, once judgment has been entered, the moving party must first seek relief under Rules 59 or 60. *See Pond v. Haas*, 674 Fed.App'x 466, 472 (6th Cir. 2016). Indeed, the Sixth Circuit has recognized "following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside, or vacate the judgment pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Morse v. McWhorter,* 290 F.3d 795, 799 (6th Cir. 2002). *See also Benzon v. Morgan Stanley Distributors, Inc*., 420 F.3d 598, 613 (6th Cir. 2005).

However, once an appeal has been filed following a final judgment, the district court no longer has jurisdiction over the matter. Federal courts of appeal have jurisdiction of appeals from the "final decisions" rendered by district courts. *See* 20 U.S.C. § 1291. *See also Harrison v. Ash,* 539 F.3d 510, 521 (6th Cir. 2008). The concept of finality is well-settled. The Supreme Court has defined a "final decision," for purposes of appeal, as "generally one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed 911 (1945).

Here, the Court entered judgment on this matter on September 28, 2017, when granting Defendants' Motion to Dismiss.  (Doc Nos. 17 & 18.)  The litigation concluded, and the case was terminated pursuant to Federal Rule of Civil Procedure 58.  (Doc No. 18 at 1.)  On October 24, 2017, Forgues filed a "Motion for Leave to Amend Her First Amended Complaint," specifically citing to Federal Rule of Civil Procedure 15(a)(2). (Doc. No. 19 at 1.)  She thereafter filed a Notice of Appeal to the Sixth Circuit on October 26, 2017.  (Doc. No. 21.)

The Court finds Forgues' motion is procedurally improper under Rule 15(a)(2).  This Court does not have jurisdiction over this matter because a final judgment has been entered and Forgues filed an appeal with the Sixth Circuit.[1]

However, in light of Plaintiff Forgues' *pro se* status, this Court will construe the motion under Federal Rules of Civil Procedure 59(e) and 60(b).

**B.    Federal Rule of Civil Procedure 59(e)**

In her Reply in Support of her Motion For Leave to Amend, Forgues seeks relief under Rule 59(e).  (Doc. No. 23 at 2.)  Rule 59(e) provides:

> **(e)    Motion to Alter or Amend Judgment**
>
> A motion to alter or amend a judgment must be filed no longer than 28 days after the entry of the judgment.

Fed. R. Civ. P. 59(e).  In general, Rule 59(e) is an extraordinary remedy, which is to be used in limited circumstances.  The Sixth Circuit has determined motions under this Rule are generally only appropriate in the following circumstances: 1) to correct a clear error of law; 2) to incorporate newly-discovered evidence; 3) to prevent manifest injustice; and 4) to address an

---

[1]   The Sixth Circuit is holding this appeal in abeyance. (*Forgues v. Carpenter Lipps & Leland LPP, et al,* Sixth Circuit Case No. 17-4134, Doc. No. 11.)

intervening change in controlling law. *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009). *See also Henderson v. Walled Lake Consol. Schs.,* 469 F.3d 479, 496 (6th Cir. 2006). The purpose of Rule 59(e) is not to provide parties with a second opportunity to reargue the merits. It is not to be used to re-hash arguments and theories which were already considered and rejected by the court. *See Exxon Shipping Co. v. Baker,* 128 S.Ct. 2605, 2617 n.5 (2008). Further, it is not proper to use Rule 59(e) to raise arguments or theories which could have been raised prior to judgement. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998) ("parties should not use [Rule 59(e) motions] to raise arguments which could, and should, have been made before judgment issued.") Therefore, in a post-judgment context, a party must meet the heavier burden of Rule 59(e) prior to amending the pleadings under Rule 15. *Pond,* 674 Fed. App'x at 472 (6th Cir. 2016).[2]

---

[2] The Sixth Circuit has reasoned if the "permissive amendment policy [of Rule 15] applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Michigan Flyer LLC v. Wayne County Airport Authority,* 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.,* 616 F.3d 612, 616 (6th Cir. 2010)).

Further, denial of a Rule 15 motion is appropriate where there is "'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Morse,* 290 F.3d at 800 (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed 222 (1962)). Moreover, when considering post-judgment requests to amend, a court must "take into consideration the competing interest of protecting the 'finality of judgments and the expeditious termination of litigation.'" *Morse,* 290 F.3d at 800 (quoting *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 245 (2d. Cir. 1991)). This "includes asking whether the claimant has made a 'compelling explanation' for failing to seek leave to amend prior the to entry of judgment." *Pond,* 674 Fed. App'x at 473.

Here, the Court entered final judgment on September 28, 2017. (Doc. No. 18.) Forgues filed her Motion 26 days later, on October 24, 2017. (Doc. No. 19.) Thus, Forgues' Motion, if construed under Rule 59(e), is timely. As noted *supra,* while Forgues did not specifically invoke Rule 59(e) in her motion, a motion to alter or modify a judgment "does not need to specifically invoke Rule 59" to be treated as such. *See Libertarian Party of Ohio v. Husted,* 808 F.3d 279, 280 (6th Cir. 2015).

In her Reply Brief, Forgues "calls into question the correctness of the judgment on a material point of law." (Doc. No. 23 at 3.) She argues the Sixth Circuit case, upon which this Court relied in granting Defendants' Motion to Dismiss, *Goodson v. Bank of America, N.A.,* 600 F. App'x 422 (6th Cir. 2015), was unpublished and "non-precedential," but was "applied in so stark a manner as to be utterly dispositive of the case." (*Id.*) She asserts Defendants were required to provide her and the Court with notice of *Goodson's* unpublished status, and "falsely asserted" *Goodson* was binding precedent. (*Id.*) Forgues maintains this was "highly prejudicial," as this Court heavily relied on this decision in granting Defendant's Motion to Dismiss. (*Id.* at 4.) She argues the Sixth Circuit cases of *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169 (6th Cir. 2011) and *Estep v. Manley, Deas, Kochalski, LLC,* 552 Fed. App'x 502 (6th Cir. 2014) "reveal that the Court's analysis under *Goodson* was wrong." (*Id*. at 5).

Forgues further argues she has "new allegations that [non-party] SPS sent monthly statements on behalf of trustee Deutsche Bank." (*Id*. at 12.) She asserts her "amendment should

be allowed because the newly exhibited monthly statements plausibly show trustee Deutsche Bank to be a debt collector and on that separate basis it cannot be a creditor." (*Id.* at 14.)

Defendants argue Forgues' motion does not meet the standards for granting Rule 59(e) relief. (Doc. No. 25 at 2.) They assert she does not present any "newly discovered evidence," as the monthly statements from non-party SPS were mailed "well before the Court entered judgment" and "Forgues was aware that SPS had sent these statements when she filed her First Amended Complaint." (*Id.* at 2, 3.) Defendants maintain Forgues also has not established "a manifest error of law." (*Id.* at 3.) They assert "relying on an unpublished decision of the Sixth Circuit is not a manifest error of law" and "there is no indication that the Court was misled or confused by [the] characterization of *Goodson*." (*Id.*) They argue "Forgues cited to no controlling authority that is opposed to *Goodson*, that has rejected the *Goodson* factors, or was otherwise overlooked." (*Id.* at 4.) Thus, they conclude "there is nothing showing that a manifest error resulted from the *Goodson* citation." (*Id.*)

The Court finds no basis for granting Forgues' motion under Rule 59(e). Forgues advances the argument a "manifest error of law" occurred in this Court's reliance on *Goodson* when dismissing the matter. (*See* Doc. Nos. 14 & 17.) While it is true *Goodson* is an unpublished Sixth Circuit opinion, the Court's citation and application of this opinion in its decision is not a "manifest error of law." Neither the Local Civil Rules for the Northern District of Ohio or the Federal Rules of Civil Procedure provide any restrictions on the citation of unpublished opinions.[3] Forgues has cited no legal authority for the assertion a court's reliance

---

[3] The Court further notes the Federal Rules of Appellate Procedure and the Sixth Circuit Court Rules allow for the citation of unpublished opinions as well. *See* Fed. R. App. P. 32.1(a) and 6th Cir. R. 32.1.

upon an unpublished decision is considered a "manifest error of law." Moreover, the Sixth Circuit has acknowledged that, while unpublished decisions do not have precedential authority, they may be considered for their persuasive value in a court's analysis. *See U.S. v. Sanford*, 391, 396 (6th Cir. 2007).

Forgues also argues the Defendants were required to provide a notice to both her and this Court of *Goodson's* unpublished status, as well as a copy of the opinion. (Doc. No. 23 at 3.) A review of the Local Civil Rules of the Northern District of Ohio and the Federal Rules of Civil Procedure reveal no such requirement. It appears Forgues is basing this assertion on the Sixth Circuit Court Rules. Sixth Circuit Court Rule 32.1 provides: "If a party cites [to an unpublished decision] *that is not available in a publically accessible database*, the party must file and serve a copy as an addendum to the brief or other paper in which it is cited." 6th Cir. R. 32.1(a) (emphasis added).

As an initial matter, the Court notes the Federal Rules of Appellate Procedure and the Sixth Circuit Court Rules do not apply to proceedings before this Court. *See* 6th Cir. R. 1(a)(1) ("These rules govern procedure in the United States Courts of Appeals.") Moreover, assuming *arguendo* Sixth Circuit Court Rule 32.1 did apply, Defendants are in compliance. A quick review of several publically accessible databases, including Justia.com, reveal *Goodson* is readily available. Thus, Defendants were not required to apprise Forgues or the Court of its unpublished status under Rule 32.1. Moreover, the Court is more than capable of determining the publication status of a decision, and contrary to Forgues' implication, reached its own conclusions regarding the application of *Goodson* when reaching its decision.

Forgues next cites to the Sixth Circuit cases of *Grden* and *Estep* in arguing the Court's analysis under *Goodson* was incorrect. (Doc. No. 23 at 5.) This argument is not persuasive. As an initial matter, the Court notes *Estep*, similar to *Goodson,* is unpublished. Moreover, this Court is aware of these Sixth Circuit opinions, as it cited to both in the Report and Recommendation. (Doc. No. 14 at 9, 10.) As the Court has already conducted an exhaustive analysis of Forgues' Complaint, using all of the relevant Sixth Circuit law, it will not revisit the issue simply because Forgues disagrees with the outcome.

Forgues also argues she has "newly discovered evidence." In her proposed Second Amended Complaint, Forgues adds the allegation that non-party Select Portfolio Servicing, Inc. ("SPS") mailed monthly statements to her on May 13, 2016, June 14, 2016, July 14, 2016, and November 14, 2016. (Doc. No. 19-1 at 4, 5). She argues these monthly statements, when considered in conjunction with Defendants' actions, could lead "the least sophisticated customer . . .[to] believe that Deutsche Bank (as trustee) was, therefore, the current creditor to whom she owned her debt." (*Id.* at 5.)

Regardless of whether this argument has merit, these monthly statements are not "newly discovered evidence," for purposes of Rule 59(e). Forgues filed her First Amended Complaint on January 5, 2017. (Doc. No. 5). At that time, she was aware of the existence of each of these statements, but failed to include these allegations in her Amended Complaint. She offers no excuse or explanation for declining to reference these statements in her First Amended Complaint, or in the months thereafter, prior to this Court dismissing the matter. As noted *supra*, a Rule 59 motion "is not a vehicle to introduce evidence and arguments" which could have been

introduced during the pendency of Defendant's Motion to Dismiss. *Cedar Lane Farms, Corp. v. Besancon*, 2017 WL 6558582 at *3 (N.D. Ohio Dec. 21, 2017).[4]

Accordingly, and for the reasons set forth above, the Court recommends Forgues' Motion to Amend, construed under Rule 59(e), should be denied.

**C.     Federal Rule of Civil Procedure Rule 60(b)**

In her Reply in Support of her Motion For Leave to Amend, Forgues also seeks relief under Rule 60(b). (Doc. No. 23 at 2.) Rule 60(b) provides:

> **(b) Grounds from Relief from a Final Judgment, Order, or Proceeding**
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[4] For similar reasons, even if the Court had jurisdiction over Forgues' Rule 15 Motion, it would fail. As noted *supra*, leave to amend may be denied when there is there is undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party by allowing the amendment, and futility of the amendment. *Morse,* 290 F.3d at 800.

Here, the Court finds "undue delay," warranting denial of Forgues' motion. Forgues offers no reason for her failure to move to amend her complaint prior to this Court's dismissal. She does not claim any new facts have emerged to justify her delay, as she was aware of SPS's monthly statements prior to her first amendment. Moreover, this Court has already permitted her to amend her Complaint once, in January 2017, and although Forgues was fully aware of SPS's monthly statements, she, at no point, attempted to amend her complaint again. (*See* Doc. No. 5.) *See Benzon v. Morgan Stanley Distributors, Inc*., 420 F.3d 598, 613 (6th Cir. 2005) (finding "undue delay" in the filing of a Rule 15 motion, when plaintiff offered no reason for failing to amend complaint prior to dismissal, did not claim any new facts emerged to justify the delay, and had been permitted twice to amend the complaint). It is within the Court's discretion to deny a post-judgment motion to amend on the basis of an "undue delay" in these circumstances. *See Cedar Lane Farms, Corp.*, 2017 WL 6558582 at *4.

11

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Sixth Circuit has recognized "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Info-Hold, Inc. v. Sound Merchandising, Inc.,* 538 F.3d 448, 454 (6th Cir. 2008) (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001)). Thus, the party attempting to obtain relief under Rule 60(b) "bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc.,* 538 F.3d at 454. *See also Crehore v. United States,* 253 Fed. App'x 547, 549 (6th Cir. 2007).

Here, Forgues argues she is entitled to relief under Rule 60(b)(3) and (b)(6), due to an error on a "material point of law," "highly prejudicial" conduct by the Defendants in their briefing, and the "newly exhibited monthly statements" which support her claim. (Doc. No. 23 at 3, 4, 14.) Defendants have argued relief is not proper under Rule 60(b)(1). (Doc. No. 25 at 6.) The Court will address each of these provisions in turn.

1. **Rule 60(b)(1)**

Forgues "calls into question the correctness of the judgement on a material point of law." (Doc. No. 23 at 3.) She argues *Goodson* is "unpublished and non-precedential," yet was "applied

in so stark a manner as to be utterly dispositive of the case." (*Id*.) She argues this Court's "analysis under *Goodson* was wrong," as the "Court didn't look beyond the letter's general purpose and give weight to ancillary purposes, and construed the word 'payment' too narrowly." (*Id.* at 5.)

Defendants argue the Court's reliance on an unpublished decision is not an error of law. (Doc. No. 25 at 3.) They note "Forgues cited to no controlling authority that is opposed to *Goodson*, that has rejected the *Goodson* factors, or was otherwise overlooked." (*Id.* at 4.)

Rule 60(b)(1) allows the Court to grant relief in occurrences of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Sixth Circuit has held that such motions are appropriate in two instances: 1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority, or 2) when the judge has made a substantive mistake of law or fact in the final judgment or order. *Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir. 2000). Therefore, a claim of legal error in the underlying judgment falls within the confines of Rule 60(b)(1). *National Credit Union, Admin. Bd. v. Cumis Ins. Soc., Inc.,* 2015 WL 2250502 at *3 (N.D. Ohio May 13, 2015). The intent of this subsection is to correct clear error, without the delays and costs of an appeal. *Cacevic,* 226 F.3d at 490*.* (citing *Bank of California, N.A. v. Arthur Anderson & Co.,* 709 F.2d 1174, 1177 (7th Cir. 1983)).

The Court finds no basis for relief under Rule 60(b)(1). Forgues has had multiple opportunities to explain why reliance on *Goodson* is improper. She has cited no authority which overturns *Goodson*, or otherwise rejects its conclusions. In her brief, she attempts to argue this Court improperly applied *Goodson,* citing two other Sixth Circuit opinions. (Doc. No. 23 at 5.) However, it is clear this is not an "error of law," but rather, an attempt to provide further legal

13

argument. Thus, relief under Rule 60(b)(2) is not proper. Forgues is simply attempting to present a new legal theory, which could have been offered during the initial consideration of this matter.

## 2. Rule 60(b)(3)

Forgues argues relief under Rule 60(b)(3) is warranted because Defendants engaged in "misrepresentation" and "misconduct." (Doc. No. 23 at 4.) She asserts "Defendants were required to prominently display that notice to the Plaintiff and to this Court with a copy of *Goodson* as an unpublished case." (*Id*. at 3.) She maintains the Defendant's failure to alert the Court to *Goodson*'s unpublished status "changed the outcome on a central issue." (*Id*.) She further argues Defendants' "falsely asserted" *Goodson* was binding precedent, which was "highly prejudicial," as this Court then relied upon *Goodson* on a "false basis." (*Id*. at 3, 4.)

Defendants argue "hyperbole or overstated arguments are not misconduct." (Doc. No. 25 at 5.) They maintain "Forgues has not pointed to any facts or law that describing a non-binding panel decision as 'binding' can possibly be the type of 'misconduct' that implicates Rule 60(b)(3)." (*Id.*) They assert the Court was free to consider *Goodson*, and "Forgues had every opportunity to discuss it in connection with the opposition to the motion to dismiss and in the objections she filed to the Magistrate's Decision." (*Id*.) Finally, Defendants note *Goodson* is available on several publically accessible electronic databases, and thus, they did not need to provide a copy to Forgues or the Court. (*Id*. at 4.)

As noted *supra,* Rule 60(b)(3) allows the Court to grant relief where there is fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). This provision of the Rule "clearly requires the moving party to 'show that the adverse party committed a

14

deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question.'" *Info-Hold, Inc. v. Sound Merchandising, Inc.,* 538 F.3d 448, 455 (6th Cir. 2008) (quoting *Jordan v. Paccar, Inc.,* 1996 WL 528950 at *6 (6th Cir. 1996)). Further, the moving party bears the burden of establishing Rule 60(b)(3) relief is warranted by clear and convincing evidence. *Thurmond v. Wayne County Sheriff Dept.,* 564 Fed. App'x 823, 827 (6th Cir. 2014).

The Court finds no basis for relief under Rule 60(b)(3). Forgues argues Defendants induced this Court to rely upon *Goodson* by referring to it as "binding precedent" in their brief. (Doc. No. 23 at 3, 4.) While Defendants did incorrectly refer to an unpublished decision as "binding precedent," this did not "adversely impact the fairness" of the underlying matter. (Doc. No. 13 at 5.) The Court is capable of ascertaining the state of the law in the Sixth Circuit. In its Report and Recommendation, this Court provided a detailed analysis of the relevant case law. (Doc. No. 14 at 8-10.) The Court did not, despite Forgues' implication, simply accept and adopt Defendants' arguments. Moreover, it was apparent to the Court this was an unpublished decision, based upon *Goodson's* citation, indicating its inclusion in the Federal Appendix.

### 3. Rule 60(b)(6)

Finally, Forgues argues "there is a basis for relief from judgment" under Rule 60(b)(6). However, Forgues does not articulate any basis for relief under this provision. (Doc. No. 23 at 4.) It appears she may be arguing relief should be granted due to the "newly exhibited monthly statements" from SPS. (*Id*. at 14.)

Defendants maintain "Forgues cites no extraordinary or exceptional circumstances that could possibly justify the extraordinary relief under Rule 60(b)(6)." (Doc. No. 25 at 6.) They

argue she "cannot rely on Rule 60(b)(6) where her arguments fit within other specific provisions," noting her claim for legal error would fall under Rule 60(b)(1). (*Id.*)

Under Rule 60(b)(6), a court may provide relief in "exceptional and extraordinary circumstances." *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989). *See also National Credit Union, Admin. Bd.,* 2015 WL 2250502 at *3. This provision of the Rule does not "afford litigants a second chance to convince the court to rule in his or her favor by presenting new explanation, new legal theories, or proof." *Id. See also Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 385 (6th Cir. 2001). The Sixth Circuit has held "the decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Blue Diamond Coal. Co.,* 249 F.3d at 528 (citing *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984)).

The Court finds no basis for relief under Rule 60(b)(6). Forgues now asserts a new legal argument, based upon newly exhibited statements from SPS. As noted by the Sixth Circuit, the intent of Rule 60(b)(6) is not to provide a method to advance new legal theories or explanations. Moreover, as noted *supra,* Forgues possessed these statements when she initially amended her Complaint, and more importantly, at the time Defendants' Motion to Dismiss was filed. As such, she had multiple opportunities to amend her Complaint and argument prior to this matter's dismissal. The Court finds Forgues has failed to demonstrate any "exceptional and extraordinary" circumstances warranting relief under Rule 60(b)(6).

Accordingly, and for the reasons set forth above, the Court recommends Forgues' Motion to Amend, construed under Rule 60(b), should be denied.

### IV. Conclusion

For the foregoing reasons, it is recommended that Plaintiffs' Motion For Leave to Amend Her First Amended Complaint be DENIED.

                                            s/Jonathan D. Greenberg
                                            Jonathan D. Greenberg
                                            United States Magistrate Judge

Date: 01/29/2018

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters***, 638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn***, 474 U.S. 140 (1985),** *reh'g denied***, 474 U.S. 1111 (1986).**