UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE J. FORGUES | ) | |
| | ) | Case No. 1:16-cv-2576-CAB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| CARPENTER LIPPS & LELAND LLP; | ) | MAG. JUDGE GREENBERG |
| | ) | |
| DAVID A. WALLACE, ESQ.; | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL | ) | |
| TRUST COMPANY, AS TRUSTEE | ) | |
| FOR J.P. MORGAN MORTGAGE | ) | |
| ACQUISITION TRUST 2007-CH5, | ) | |
| ASSET BACKED PASS-THROUGH | ) | |
| CERTIFICATES, SERIES 2007-CH5 | ) | |
| | ) | |
| Defendants, | ) | |

**PLAINTIFF CHRISTINE J. FORGUES' OBJECTIONS TO MAGISTRATE JUDGE'S JANUARY 29, 2018 REPORT AND RECOMMENDATION**

Unrepresented Consumer-Plaintiff, Christine J. Forgues, respectfully submits this her objections to Doc. No. 26, the Magistrate Judge's Report and Recommendation ("R&R") filed January 29, 2018 and served on her by mail. Plaintiff's specific objections are set forth in the accompanying Memorandum.

Respectfully submitted,

*Christine J. Forgues*
Christine J. Forgues
115 Terrace Drive
Johnstown, PA 15904
Cell: 216-323-6972
cjforgues2011@gmail.com

### PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S R&R

Upon the First Amended Complaint ("FAC") and record in this case, and for the following reasons, Plaintiff objects to the Report and Recommendation of Magistrate Judge Greenberg dated and filed on January 29, 2018 (the "R&R") recommending denial of Plaintiff's motion for leave to amend her FAC (Doc. No. 19) construed under Rules 59 and 60; the Court should independently grant Defendants' motion.

Plaintiff's motion calls into question the correctness of the judgment on a material point of law: "The Court dismissed her claim as to all Defendants (Doc. 17) and closed the case because the Court, based on *Goodson v. Bank of Am., N.A.* 600 F.App'x. 422, 431 (6th Cir. 2015), decided that the activities of the Defendants in communicating an offer to settle the foreclosure by Plaintiff surrendering her house and move out, and of opposing Plaintiff's challenge of the state court foreclosure judgment, were not alleged in connection with collection of a debt. However, … **Goodson is *unpublished* and non-precedential, yet the 'Goodson factors' were applied in so stark a manner as to be utterly dispositive in this case.**" 418.

> "[A] timely petition for rehearing [i.e., a Rule 59(e) motion] tolls the running of the [appeal] period because it operates to suspend the finality of the . . . court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." Browder v. Dir., Dept. of Corr., 434 U.S. 257, 267 (1978); see also Osterneck v. Ernst & Whinney, 489 U.S. 169, 174 (1989) (stating that the time for appeal does not begin to run "until the District Court has had an opportunity to dispose of all motions that seek to amend or alter what otherwise might appear to be a final judgment."); 12 Moore's Federal Practice § 59.12[1], at 59-38 (3d ed. 1999) (a "timely motion under Rule 59 destroys the finality of the judgment").

*Miltimore Sales, Inc. v. International Rectifier, Inc.*, 412 F.3d 685, 2005 Fed.App. 0276P (6th Cir. 2005)(RECOMMENDED FOR FULL-TEXT PUBLICATION). Plaintiff's motion to amend her FAC is not too late under Rule 59(e).

On Defendants' motion to dismiss, the Court was supposed to review the FAC "in the

light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Instead, the Court deliberately did the exact opposite.

**Plaintiff objects** because the Magistrate Judge's explanation reveals yet another example of where (i) the Court construed Plaintiff's factual allegations in the light most *un-favorable* to her on Defendants' motion to dismiss against the well-known standard of review under Fed. R. Civ. P. 12(b)(6), and (ii) the Court failed to construe Plaintiff's pro se submissions under *Estep* to raise the strongest arguments they suggested. See *Bormuth v. County of Jackson*, No. 15-1869 (6th Cir. 2017) (en banc) quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'").

Specifically, the R&R notes first that Estep is "similar to Goodson," and that "this Court is aware of these Sixth Circuit opinions, as it cited to both in the Report and Recommendation. (Doc. No. 14 at 9, 10)" … "the Court has already conducted an exhaustive analysis of Forgues' Complaint, using all of the relevant Sixth Circuit law." Plaintiff argued that, in their October 23, 2015 letter to Plaintiff, Defendants communicated SPS's "cash-for-keys" offer (FAC, ¶¶ 22-26) whereby Plaintiff would agree to "abandon" her home in order to make foreclosure and collection of her debt more likely to succeed. The Sixth Circuit has already held that a communication with such an "ancillary purpose" could be in connection with collection of the debt and that the word "payment" should not be interpreted too narrowly. See *Estep v. Manley Deas Kochalski, LLC*, 552 Fed.App'x 502, 505 (6th Cir. 2014) (not recommended for full-text publication). ("Thus, if the letter was intended to induce the Esteps to leave their home prematurely, and Wells Fargo would receive some financial benefit as a result of that outcome,

2

then the letter would be sent in connection with MDK's effort to collect the debt owed to Wells Fargo.") Yet the Court, being aware of this, rejected the strongest argument Plaintiff's pro se filings suggested which, liberally construed, can be located within the conclusion the Sixth Circuit reached in *Estep*; the Court deliberately rejected the Sixth Circuit's reasoning in *Estep* to draw inferences *in favor of the Defendants* that the October 23, 2015 letter with attachments was "at its heart" a response to Plaintiff's settlement offer (PageID # 407) and "requested nothing further than what Plaintiff was already legally obligated to do." This is legal error, an abuse of discretion, and the Court should reverse it because other courts may follow it.

Dismissal without opportunity to amend is an unduly harsh penalty for the Court to have imposed while analyzing Plaintiff's claim under *Goodson* but not *Estep*, the cases being "similar." The motion to amend gives the court timely opportunity to do what justice requires: either (i) reconsider its analysis under *Estep,* or (ii) if the Court disagrees that *Estep* sheds the best light on Plaintiff's FAC, freely grant leave to amend the FAC to state a claim under *Goodson*.

The R&R incorrectly states (PageID # 558) that Plaintiff did not argue the Magistrate Judge erred by relying on *Goodson* in the previous Report and Recommendation, Doc. No. 15. Contrary to the R&R, Plaintiff explained why reliance on *Goodson*, and dismissal, is improper. See PageID ## 380 (top and bottom), 375 (bottom):

> It is ironical error, for the R&R to rely substantially on a violation of § 1692e(11) for "failure to disclose in the initial written communication with the consumer ... that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" to support its reason under *Goodson* that because the "letter did not indicate that it was an attempt to collect a debt," R&R at PageID # 351, the letter was not part of a foreclosure strategy to make (borrowing from the definition in *Heintz*) "obtaining payment or liquidation of the debt or claim, either by personal solicitation or legal proceedings," more likely.

3

Doc. 15 at PageID # 380, n.6.

> In the broad clarity of the Marx Brief, *Goodson* factors cannot serve to narrow the protections and prohibitions in the FDCPA itself under the theory of this case alleged.

Doc. 15 at PageID # 375. Clearly, Plaintiff is referring to the factual allegations and stated theory of the case that Deutsche Bank, as Trustee for certificate holders, because it "received an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another," 15 U.S.C. § 1692a(4), is not the creditor Congress required Defendants to name in order to even communicate pursuant to § 1692g(a), and not the creditor whose right to seek judicial remedies is preserved under § 1692c. It should not be lost on this Court that Plaintiff's fact pattern and theory of this case is unlike any other in this Circuit; it is in harmony with the Supreme Court in *Heintz, Jerman,* and *Henson*[1], and transcends unpublished case law in this Circuit on a motion to dismiss.

Additionally, the Court agreed with the Magistrate Judge's analysis under *Goodson* in concluding that neither Wallace's letter nor the appellate filings were "communications in connection with a debt." (PageID # 558) However, **Plaintiff objects** that there is no mention by this Court of Plaintiff's objections regarding Defendants' communication in the form of Wallace's oral argument before the Ohio appeal court. See PageID ## 371 (bottom); 370 (quoting FAC, ¶37); 375 (bottom). Wallace's oral argument does not fit within even the Court's impermissible inference that Defendants' communications were expressly *required* by the Ohio appeal court and rules. Per *Meacham*, 554 U.S. at 91, the burden is on debt collectors to affirmatively establish that an exception applies to them pursuant to § 1692c(b), and the Court impermissibly gave Defendants a pass on that.

---

[1] See *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Jerman v. Carlisle, McNellie. Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 600 (2010); *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724, 198 L. Ed. 2d 177 (2017).

4

The Magistrate Judge incorrectly found no basis for granting Plaintiff's motion under Rule 59(e). Plaintiff never argued that the statements she wishes to introduce are "newly discovered evidence" as Rule 59(e) grounds, but they are statements supporting new allegations if *Goodson* is to be applied as the standard. The "amendment should be allowed because the newly exhibited monthly statements plausibly show trustee Deutsche Bank to be a debt collector and on that separate basis it cannot be a creditor." See R&R, PageID # 563.

Lastly, Plaintiff objects that the R&R unjustly ascribes to Ms. Forgues a fault for not arguing *Estep* over Wallace's "mansplaining" that "*Goodson* is binding precedent, and whether Forgues likes it or not, this Court should apply the factors to the allegations in the FAC," but even Defendants' noted Plaintiff's objection there that *Goodson* assumes a creditor—against the theory of the case. The Magistrate Judge wrote that "[w]hile Defendants did incorrectly refer to an unpublished decision as "binding precedent," this did not adversely impact the fairness" of the underlying matter. Yes it did for the foregoing reasons. The Court should not approve this abuse.

## CONCLUSION

Taking into account Plaintiff's motion to amend, Defendants' opposition, the reply, and sur-reply, liberally construed under Rule 59(e), Plaintiff's motion should be granted. The Court should either reanalyze Plaintiff's FAC and arguments under *Estep* and *Gburek* construed in a light most favorable to the Consumer-Plaintiff acting as a private attorney general for the benefit of all consumers, or freely grant leave to amend the FAC to state a plausible claim under *Goodson*, whatever justice requires.

Respectfully submitted,

*Christine J. Forgues*
Christine J. Forgues

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed by mail on _Feb. 12, 2018_. The parties may access this filing through the Court's ECF system.

_Christine J. Forgues_
Christine J. Forgues