# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE J. FORGUES, | : | |
| | : | CASE NO. 1:16-cv-2576 |
| Plaintiff, | : | |
| | : | JUDGE CHRISTOPHER BOYKO |
| v. | : | |
| | : | MAGISTRATE JUDGE GREENBERG |
| CARPENTER LIPPS & LELAND LLP, et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' RESPONSE TO
## PLAINTIFF CHRISTINE J. FORGUES' OBJECTION TO
## MAGISTRATE JUDGE'S JANUARY 29, 2018 REPORT AND RECOMMENDATION

Judge Greenberg reviewed the motion to amend of Plaintiff Christine J. Forgues ("Forgues") and considered it under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure even though Forgues did not move under either Rule, and found that Forgues was not entitled to relief from the judgment.  Judge Greenberg thus found that Forgues not entitled to amend her First Amended Complaint after judgment.  Nothing in Forgues' objection changes this.  The Court should adopt the Report and Recommendation in its entirety so that the substantive appeal may proceed.

### A.  JUDGE GREENBERG CORRECTLY FOUND NO BASIS FOR RELIEF UNDER RULE 59.

Forgues claims that Judge Greenberg's Report and Recommendation should have found a basis for relief under Rule 59(e).  However, the only two possible bases for relief under Rule 59 are the existence of a manifest error of law or newly discovered evidence.  Forgues admitted that the monthly statements that form the basis for the new allegations in her proposed second amended complaint are not newly discovered evidence.  Thus, the only basis for relief under Rule 59 would be a manifest error of law.  Judge Greenberg correctly concluded that there was no manifest error

of law in Court's decision dismissing the First Amended Complaint, and none of the issues Forgues raised in her objections shows otherwise.

**The Court Properly Relied On Goodson.**

Forgues essentially repeats her arguments that dismissal of her claims, based on applying the unreported *Goodson v. Bank of Am., N.A.*, 600 F. App'x 422, 431 (6th Cir. 2015) case, and not applying the unreported *Estep v. Manley Deas Kochalski, LLC*, 552 Fed. App'x 502 (6th Cir. 2014) case, constituted manifest error. Manifest error requires a showing that a court overlooked controlling law. But no controlling decisions were overlooked. As Judge Greenberg noted, there is no prohibition against citing or relying on unpublished Sixth Circuit cases. Thus, reliance on an unpublished case cannot construe a manifest error of law. Forgues cites nothing to the contrary. In addition, it is clear that the Court did consider *Estep* when dismissing the First Amended Complaint, because Judge Greenberg cited *Estep* in his prior Report and Recommendation, which this Court adopted. Thus, there was no manifest error in relying on *Goodson* and distinguishing *Estep*.

Forgues also claims that the Judge Greenberg improperly ascribed fault to her for not arguing *Estep* over Deutsche Bank's statement that *Goodson* is binding. This is incorrect and certainly is not a manifest error of law. Judge Greenberg simply noted that: (1) *Estep* did not change the analysis under *Goodson*; and (2) the Court was well aware of *Estep* when it dismissed the First Amended Complaint because Judge Greenberg cited it in his prior Report and Recommendation. The Court also noted that *Estep*, like *Goodson*, is also unreported. There was nothing improper about the Court's analysis of *Estep*. The Court should adopt the Report and Recommendation.

**The Court Correctly Construed The First Amended Complaint.**

Forgues also appears to argue that the Court committed a manifest error by not construing the First Amended Complaint in the light most favorable to her. Again, Forgues is incorrect. First, the fact that Judge Greenberg reviewed Forgues' motion and arguments belies this assertion; Forgues simply disagrees with the Court's conclusion. Second, no controlling decision was overlooked. Judge Greenberg reviewed the allegations about the October 23, 2015 letter, and correctly determined the facts in *Estep* were different and that the October 23, 2015 letter was not in connection with the collection of a debt even under *Estep*. As Judge Greenberg noted, the cash for keys offer enclosed with the October 23, 2015 letter did not require Forgues to leave the property until the property was sold at a sheriff's sale. Thus, the letter could not reasonably have been interpreted as intending to induce Forgues to leave the property prematurely. This is because once the property was sold, Forgues would no longer have any legal right to remain in the property. Forgues cites nothing to the contrary. The Court was not required to make an unreasonable inference about the purpose of the letter and the proposed settlement offer when the actual documents were attached to the First Amended Complaint. Judge Greenberg painstakingly reviewed the letter and proposed settlement offer and correctly found they could not plausibly support an FDCPA violation. The Court should adopt the Report and Recommendation.

**The Court Correctly Rejected Forgues' Debt Collector Argument.**

Forgues once again revives her argument that Deutsche Bank is a debt collector and not a creditor and that this somehow saves her claims. The U.S. Supreme Court's recent decision in *Henson v. Santander* Consumer USA Inc., 137 S. Ct. 1718, 1724, 198 L. Ed. 2d 177 (2017), held an entity to which the debt is owed is not a debt collector within the meaning of the FDCPA even if the debt is obtained after default. Forgues attempts to overcome *Henson* by claiming it does not

3

apply to Deutsche Bank because the loan was assigned after default solely for the purposes of facilitating collection for another.  Forgues provides nothing to support her claim that the loan was transferred to Deutsche Bank *solely* to facilitate collection of the debt for another.  Forgues does not identify any other person or entity for which Deutsche Bank is allegedly collecting.  To the extent Forgues is arguing Deutsche Bank is collecting for another because it is a trustee, as noted, there is no factual or legal authority for this position.  Judge Greenberg's determination that Deutsche Bank is not a debt collector is correct.  There was no manifest error of law.  The Court should adopt the Report and Recommendation.

**The State Court Oral Argument Was Not Debt Collection.**

Forgues argues that Judge Greenberg erred because he failed to address her § 1692c(b) claim that the oral argument was an improper communication to a third-party in connection with the collection of a debt.  Like the state court rules allowing the filing of a notice of appearance and appellee brief, Deutsche Bank and its attorneys were permitted to offer an oral argument in the appeal initiated by Forgues.  *See* Ohio R. App. P. 21.  Moreover, Forgues did not allege that the oral argument was an improper communication to a third party in her First Amended Complaint, *see* First Amended Complaint, ¶ 68, and did not recite any facts in her First Amended Complaint about what was said during the oral argument from which the Court could reasonably infer that the communication was in connection with the collection of a debt.  The proposed second amended complaint similarly contains no such allegations.  There was no manifest error in finding that Forgues' First Amended Complaint failed to state a claim for improper communications with third parties.  The Court should adopt the Report and Recommendation.

### B.  JUDGE GREENBERG CORRECTLY FOUND NO BASIS FOR RELIEF UNDER RULE 60(b)

Judge Greenberg also found that there was no basis for relief from the judgment under Rule 60(b).  Forgues did not object to the Rule 60(b) analysis.  Therefore, Forgues has waived any objection to it.  The Court should adopt the Report and Recommendation.

### C.  JUDGE GREENBERG CORRECTLY DETERMINED THAT THE COURT COULD NOT CONSIDER THE MOTION TO AMEND UNLESS THERE WAS A BASIS FOR RELIEF FROM THE JUDGMENT.

Ignoring that there is no basis for relief from the judgment, Forgues attempts to make a last-ditch fairness argument.  She claims that dismissal without the opportunity to amend is a harsh remedy. This is not what occurred in this case.  Forgues amended her original Complaint when she filed her First Amended Complaint on January 5, 2017.  Thus, she was not denied the opportunity to amend.  Further, Forgues did not seek leave to file her second amended complaint until after judgment.  Forgues had multiple opportunities to seek leave to amend for the second time prior to judgment: after the Defendants filed their motion to dismiss, after Judge Greenberg issued his prior Report and Recommendation, and any time before the Court adopted the prior Report and Recommendation.  It is not unfair to deny amendment after judgment in these circumstances.

As noted by Judge Greenberg, the Sixth Circuit has made it clear that a party may not seek leave to amend post-judgment without obtaining relief from the judgment under Rule 59 or Rule 60(b).  *See Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir.).  As set forth above, Forgues could not meet this burden.  There is nothing unfair about this.  The Court should adopt the Report and Recommendation.

### D.  CONCLUSION.

For these reasons, Defendants respectfully request that this Court overrule Forgues'

objections, adopt the Magistrate's Report and Recommendation and deny Forgues' post-judgment

motion to file a Second Amended Complaint.

Respectfully submitted,

/s/ David A. Wallace

David A. Wallace (0031356)
Karen M. Cadieux (0079240)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Telephone (614) 365-4100
Facsimile (614) 365-9145
wallace@carpenterlipps.com
cadieux@carpenterlipps.com
Attorneys for Defendants
Carpenter Lipps & Leland LLP,
David A. Wallace, and
Deutsche Bank National Trust Company, as Trustee
for JP Morgan Mortgage Acquisition Trust 2007-
CH5, Asset Backed Pass-Through Certificates,
Series 2007-CH5

## **PAGE LIMIT CERTIFICATION**

This case has not been assigned to a Track and this memorandum complies with the page limitations set forth in Local Rule 7.1(f) for unassigned cases.

/s/ David A. Wallace
One of the Attorneys for Defendants
Carpenter Lipps & Leland LLP,
David A. Wallace, and
Deutsche Bank National Trust Company, as Trustee
for JP Morgan Mortgage Acquisition Trust 2007-
CH5, Asset Backed Pass-Through Certificates, Series
2007-CH5

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on February 28, 2018. Notice was also sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel.   The parties may access this filing through the Court's ECF system.

A copy was also served on February 28, 2018 by First Class U.S. Mail, postage prepaid, upon Christine J. Forgues, 115 Terrace Drive, Johnstown, PA 15904.

/s/ David A. Wallace
One of the Attorneys for
Carpenter Lipps & Leland LLP,
David A. Wallace, and
Deutsche Bank National Trust Company, as Trustee
for JP Morgan Mortgage Acquisition Trust 2007-
CH5, Asset Backed Pass-Through Certificates,
Series 2007-CH5

715377

8