UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE J. FORGUES, | ) | CASE NO.1:16CV2576 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| CARPENTER LIPPS & LELAND LLP, ET AL., | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J**:

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (ECF # 26) that Plaintiff's Motion for Leave to Amend Her First Amended Complaint (ECF # 19) be denied. Upon consideration of the Motion, Briefs, Report and Recommendation and Objections, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Plaintiff's Motion to Amend.

On January 5, 2017, Plaintiff Christine J. Forgues filed her First Amended Complaint, pro se, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") against Defendants Carpenter Lipps & Leland LLP, David Wallace and

Deutsche Bank National Trust Company arising out of Defendants' attempts to collect on obligations related to the foreclosure of Plaintiff's residence.  On February 21 2017, Defendants filed a Motion to Dismiss the First Amended Complaint.  Plaintiff filed a Brief in Opposition, to which Defendants replied.  On June 26, 2017, the Magistrate Judge issued a Report and Recommendation that Defendants' Motion be granted.  Objections were filed by Plaintiff and Defendants filed a response.  On September 28, 2017, the Court adopted and accepted the Report and Recommendation, granting Defendant's Motion to Dismiss.  This case was dismissed and Judgment was entered in Defendants' favor.

 On October 24, 2017, Plaintiff filed a Motion for Leave to Amend First Amended Complaint arguing that the Sixth Circuit case, *Goodson v. Bank of America*, N.A., 600 F. App'x 422 (6th Cir. 2015), upon which this Court relied in granting Defendants' Motion to Dismiss, was unpublished and not binding precedent.

### Standard of Review

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, the District Court is required to review de novo any portion of the Magistrate Judge's Report to which a specific objection is made.  A party who fails to file an objection waives the right to appeal. U.S. v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).  The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party.  *Thomas v. Arn* 474 U.S. 140, 150 (1985).

Local Rule 72.3(b) recites in pertinent part:

The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

2

accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record.  The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

## LAW AND ANALYSIS

Plaintiff seeks leave to amend her Complaint for a second time under Fed. R. Civ. P. 15(a)(2).  The Magistrate Judge correctly points out that while Rule 15 "embodies a liberal amendment policy," it is well established that once judgment has been entered, the moving party must first seek relief under Rules 59 or 60.  *See Pond v. Haas*, 674 Fed.App'x 466, 472 (6th Cir. 2016).  Indeed, the Sixth Circuit has recognized "following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside, or vacate the judgment pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure."  *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002).  *See also Benzon v. Morgan Stanley Distributors*, Inc., 420 F.3d 598, 613 (6th Cir. 2005).

The Court agrees with the Magistrate Judge that Plaintiff's Motion is procedurally improper under Rule 15(a)(2).  However, the Court agrees to construe the Motion under Federal Rules of Civil Procedure 59(e) and 60(b).  The Sixth Circuit has determined motions under Rule 59(e) are generally only appropriate in the following circumstances: 1) to correct a clear error of law; 2) to incorporate newly-discovered evidence; 3) to prevent manifest injustice; and 4) to address an intervening change in controlling law.  *Betts v. Costco Wholesale Corp.*, 558 F.3d

461, 474 (6th Cir. 2009). *See also Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

In her Reply Brief, Plaintiff argues that the Sixth Circuit case that the Court relied upon to dismiss her case was unpublished and not binding precedent and therefore, was prejudicial. Plaintiff also argues that she has new allegations regarding monthly statements sent by Deutsche Bank.

In the previous Report and Recommendation, The Magistrate Judge analyzed the factors set out in *Goodson v. Bank of Am.*, N.A. 600 F.App'x. 422, 431 (6th Cir. 2015) and determined that Plaintiff failed to allege a plausible claim that the letter sent by the Defendant's lawyer was for the purpose of inducing payment. The factors are as follows: "(1) the nature of the relationship of the parties; (2) whether the communication expressly demanded payment or stated a balance due; (3) whether it was sent in response to an inquiry or request by the debtor; (4) whether the statements were part of a strategy to make payment more likely; (5) whether the communication was from a debt collector; (6) whether it stated that it was an attempt to collect a debt; and (7) whether it threatened consequences should the debtor fail to pay." *Id.*

The Magistrate Judge found the letter did not demand payment nor did it indicate it was an attempt to collect a debt, in fact, it did not reference Plaintiff's debt at all. The Court held that the Magistrate Judge properly considered the *Goodson* factors and correctly determined that an action against all Defendants failed.

Here, Defendants argue that Plaintiff's Motion for Leave to Amend Complaint does not meet the standards for granting Rule 59(e) relief. The Court agrees with the

Magistrate Judge that there is no basis for granting the relief.  Plaintiff does not provide any newly discovered evidence and cannot show a manifest error of law.  The Magistrate Judge also determined that the statements in question are not newly discovered evidence and were available to Plaintiff at the time she filed her first Amended Complaint.  Plaintiff offers no explanation for not presenting this evidence previously and cannot do so now.

The Magistrate Judge points out that Plaintiff has cited no legal authority for the assertion that a court's reliance upon an unpublished decision is considered a "manifest error of law."  The Sixth Circuit has acknowledged that, while unpublished decisions do not have precedential authority, they may be considered for their persuasive value in a court's analysis. *See U.S. v. Sanford*, 391, 396 (6th Cir. 2007).  The Court agrees that Plaintiff cannot show that controlling law was overlooked and thus, there is no manifest error.

The Court agrees with the Magistrate Judge that there is no basis for relief under Rule 60(b) and Plaintiff does not object to the recommendation of the Magistrate Judge.  Therefore, Plaintiff has waived her objection.  Plaintiff has not shown any manifest error of law or newly discovered evidence to persuade the Court to grant the Motion for Leave to Amend construed under Rule 59(e).

Therefore, for the foregoing reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and denies Plaintiff's  Motion for Leave to Amend First Amended Complaint (ECF # 19).

IT IS SO ORDERED.

        /s/Christopher A. Boyko
        CHRISTOPHER A. BOYKO
        United States District Judge

Dated: March 22, 2018